JOHN T. HEARD & another *vs.* ELIZABETH ELDREDGE.

Money paid to compensate a corporation, whose property consisted of a wharf and dock, for part of its real estate taken by right of eminent domain, if distributed as a dividend to the shareholders, belongs to the capital and not the income of a trust fund invested in the shares.

Commissions paid to brokers for purchases of bonds as an investment of a fund held in trust to pay over the income after deducting all proper expenses, by trustees authorized to make and change the investments, are chargeable to the income of the fund.

APPEAL from the allowance by the judge of probate of an account filed in February 1871 by the appellees, John T. Heard and Edward D. Sohier, as trustees under the will of John W. Trull, who died in 1867 and devised the residue of his estate to them in trust " to receive and collect the income and produce thereof, and, after deducting all needful and proper costs, charges and expenses, to pay the residue of said income from time to

time" to the appellant, Elizabeth Eldredge, who was the testator's daughter. The will gave the trustees "full power and authority to invest, reinvest and change any and all property of which the trust premises shall be at any time composed."

The first ground of the appeal was because the trustees did not credit the appellant with $4350 received by them in the year 1870 as a dividend upon twenty-nine shares in the capital stock of the Lewis Wharf Company, which belonged to the trust fund, but treated the same as capital and not income of the fund. The property of that corporation consisted of a wharf and dock, and warehouses on the wharf, in Boston.

The second ground of appeal was because the trustees charged the income instead of the capital with the amount of commissions paid to brokers, and other expenses incurred in investing the trust fund. The items of the account to which this objection applied were two charges, of $27.50 and $2.50 respectively, for "cash paid for purchasing" first $11,000 and afterwards $1000 of the bonds of the Philadelphia, Wilmington and Baltimore Railroad Company, in 1870.

The case was heard by *Wells,* J., and reserved for the determination of the full court, upon the pleadings and evidence, from which the facts appeared which are recited above. The other material facts which appeared thereby are stated in the opinion.

*C. A. Welch,* for the appellees.

*F. V. Balch,* for the appellant.

CHAPMAN, C. J. The appellees, as trustees under the will of John W. Trull, became proprietors of twenty-nine shares of stock in the Lewis Wharf Company. Its property consisted of real estate in Boston ; and its income consisted of rents and wharfage. The city authorities took a part of the real estate, by right of eminent domain, for the laying out of Atlantic Avenue ; and have paid the corporation therefor $185,000. The directors have divided $75,000 of this money among the stockholders, and reserved the balance. Mrs. Eldredge, the appellant, contends that this dividend belongs to her as income ; but the trustees have treated it as capital, of which she, as tenant for life, is entitled to the income only.

The appellant contends that the dividend is hers, under the rule laid down in *Minot* v. *Paine*, 99 Mass. 101, and the subsequent cases of *Daland* v. *Williams*, 101 Mass. 571, and *Leland* v. *Hayden*, 102 Mass. 542. But those cases are quite unlike this. If the city had taken the whole of the company's land, it would be plain that they had taken its capital. A dividend of the money received for it would be a dividend of capital, of which the tenant for life ought to have the income only. The taking of a large part of the land makes no substantial difference in principle. It converts a part of the capital from real estate into personal. No difficult or complicated process is necessary to ascertain what elements enter into the dividend. It is clearly a dividend of a part of the capital ; and an impartial execution of the trust will not permit it to be taken entirely away from the remaindermen. The tenant for life should have only the income.

The suggestion that the intention of the directors should determine the question whether the dividend is capital or income cannot be correct. They may have had no intention on the subject ; and if they had, and if it could be ascertained, it might mislead us. It is more safe to look at the character of the property and the transaction.

As the trustees are authorized by the will to change investments, and are directed to pay the residue of the income to the tenant for life after deducting all proper costs, charges and expenses, the brokerage is properly classed among the expenses, and charged upon the income.       *Decree affirmed.*