GEORGE H. GIFFORD *vs.* JOHN H. THOMPSON & others.

Bristol.    April 1. — September 4, 1874.    COLT & AMES, JJ., absent.

A trust fund was invested in the stock of a corporation, which having sold its franchises and property, and being about to wind up its affairs and dissolve, voted to pay a dividend in cash to its shareholders upon the surrender of their certificates. Its assets at the time of said distribution consisted in part of undivided earnings. *Held,* that the entire amount received by the trustee was capital and not income.

BILL IN EQUITY by George H. Gifford, trustee under the will of Pardon Gifford, against the residuary legatees under said will, to obtain the direction of the court as to the disposition to be made of a sum of money received from the New Bedford and Taunton Railroad Company, in lieu of certain shares of the stock of said corporation, in which part of the trust fund had been invested.

The case was reserved by *Morton*, J., for the consideration of the full court upon the bill and answers, from which it appeared to be as follows :

The last will and testament of Pardon Gifford contained the following clause : " Eighth. All the rest and residue of my estate is to be placed in the hands of a trustee or trustees, and the income arising therefrom to be paid to my two grandsons, viz. : John H. Thompson and Pardon G. Thompson, equally between them, annually, during their natural lives, and if one of them should die before the other, the survivor to take all of said income during his natural life, provided the one that dies first leaves no children, and at the death of the last one of my said grandsons, namely, John H. Thompson and Pardon G. Thompson, the aforesaid rest and residue of my said estate to be equally divided among my great-grandchildren that are living at the time of the death of the last of my said two grandsons. If there should be none of my great-grandchildren at that time, then it is to be equally divided between the widows of my said grandsons, if any living, and the children of my brothers, namely, Isaac Gifford, George W. Gifford, Paul Gifford, and also Ruth Weeden and Abby Robinson, children of my brother Benjamin Gifford, and the children of my wife's sister Barbara Gifford, and their heirs."

A part of the " rest and residue of said estate " was invested in the stock of the New Bedford and Taunton Railroad Corporation. That corporation acting under the authority conferred upon it by the St. of 1873, *c.* 20,* sold all its franchises and property, and being about to wind up its affairs and dissolve, its directors passed the following vote : " Voted, that a dividend of $150 per share is hereby declared, payable to stockholders of this day on the surrender of the certificates, when the treasurer shall have received $750,000 on account of the sale of the road, including therein the drafts of our stockholders on our treasurer for and on account of dividend at the rate of or not exceeding $150 per share, with the surrender and assignment of certificate of stock of this corporation for the requisite number of shares."

---

* This is entitled " An act to incorporate the New Bedford Railroad Company, and to authorize the consolidation of railroads between New Bedford and Fitchburg, and for other purposes." It authorizes the New Bedford and Taunton Railroad Corporation to sell its franchises and property to the New Bedford Railroad Company.

In pursuance of this vote the corporation paid, in cash, a dividend of one hundred and fifty dollars on each share. For many years the corporation had earned more money than it had divided amongst its stockholders, and a part of the above dividend came from such undivided earnings; and it was averred that as much as $50 dollars per share out of said dividend of $150 came from such undivided earnings since the probate of the will.

The tenants for life in said trusts contended that they were entitled to the entire amount received from the dividend as income; and the great-grandchildren of the testator, of whom there were seven, claimed that the dividend should be considered as capital, and reinvested for the purposes of the trust fund.

*C. T. Bonney*, for the contingent interests.

*T. M. Stetson*, for the tenants for life.

GRAY, C. J. The earnings of the corporation remained, while undivided, part of the capital of the corporation, and the interest therein, represented by each certificate of a share of stock, was part of the capital and not of the income of that share, as between those entitled to successive rights in it. *Minot* v. *Paine*, 99 Mass. 101. *Rand* v. *Hubbell, ante,* 461. The vote of the corporation, in substance and intent, as manifested upon its face, was not a division of earnings, profits or income, as such, among the owners of shares which were to continue to exist; but a winding up of all the affairs of the corporation, and an apportionment and distribution of all its property as capital, though in the shape of money, among the stockholders, in exchange for their shares and upon the surrender of their certificates. The money paid to the plaintiff as trustee was but an equivalent and substitute for the shares surrendered at the time of receiving it, and is to be held and invested by him upon the same trusts upon which those shares had been held, and the income only paid to the grandsons of the testator according to his will.                *Decree accordingly.*