PETITION OF SAMUEL D. BROWN, Administrator, & RUSSELL
  M. LARNED, Executor, for an Opinion of the Court.

New shares of capital stock in a corporation, representing its surplus property and distributed to its stockholders, are not to be considered as income and do not belong to a life tenant.

CASE STATED for the opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*February* 9, 1884. CARPENTER, J. This is a case stated, by which it appears that William Brown died August 14, 1864, being the owner of seventeen shares of the capital stock of the Western Railroad Company, and leaving a will by which he gave to his wife Abby S. Brown, during her life, " the use and improvement, rent, interest, and income " of all his estate, with devises and bequests of the residue, and that Samuel D. Brown is administrator *de bonis non* on said estate ; that after the death of William Brown and during the life of his widow the company distributed among its stockholders new and additional shares of its capital stock, whereby five such shares were issued to the estate of William Brown, pursuant to the following vote of the directors of the company :

"*Voted,* that the capital stock of this corporation be increased by the issue of twenty thousand new shares, and that the treasurer be directed to distribute on and after July 10, to the stockholders of record at the close of business on Saturday, the 8th inst., the number of full shares to which they may be respectively entitled, in the proportion of three new to ten old shares."

There was another vote providing for fractional rights to the new shares.

Both said votes were passed in conformity with the recommendations of the report of a committee of the directors made to the full board on June 4, 1867, which set forth that " the large contingent fund of the corporation which to a great extent has already gone into the construction, of the road, the virtual extinguishment of the debt of $1,000,000 to the city of Albany by the sinking fund provided for its payment, releasing the income of the road from the payment of interest on these bonds and contribution to the fund, aside from other considerations which might well be urged, but which it is not necessary now to present, fully require, as in justice to the stockholders, that 20,000 new shares of stock shall be issued and distributed according to the provisions of the votes " above referred to.

Abby S. Brown died January 7, 1882, having received all the dividends upon all said shares, old and new, which were declared during her life, and never having exercised as to any of the shares a certain power of sale which was given her by the will of her husband; and Russell M. Larned is executor of her will.

The question submitted is whether said five new shares of stock belong to the estate of William Brown as accretions to the principal or to the estate of Abby S. Brown as income thereof.

The only question necessary now to be decided is whether shares of stock distributed to the stockholders of a corporation are to be taken as income and belong to the life tenant. We think they are not to be so taken. Such a distribution of shares is in no proper sense a dividend. The surplus property of the corporation, which is represented by such stock, is still retained by the corporation and managed and applied in the prosecution of the business. Nor is the value of the stock held by any individual stockholder in any wise changed by such disposition; he has a greater number of shares, but each share is of proportionately less value. In fact the only purpose of the transaction is to subserve the convenience of the company by setting apart permanently, in its accounts as capital, such part of the property which it has been determined permanently to retain in the busi-

ness; and perhaps still further to promote the convenience of the stockholder, by bringing the nominal value of his shares nearer to their actual value, and by enabling the property to be more readily divided for purposes of distribution by sale or otherwise. The relation of the stockholder to the corporation remains unchanged except in form. Such a readjustment of accounts and evidences of property cannot be said to result in income or proceeds from the stock such as would belong to the life tenant. *Minot* v. *Paine*, 99 Mass. 101; and compare the discussion of this and an allied question in 2 Perry on Trusts,. §§ 544, 545.

Entirely consistent with this view, as it seems to us, are the cases of *Leland* v. *Hayden*, 102 Mass. 542, where a corporation bought in the market shares of its own stock and distributed them as a dividend, and they were held to belong to the life tenant; *Heard* v. *Eldredge*, 109 Mass. 258, which holds that a cash dividend of money belongs as principal to theremain der man in a case where the money so divided has been received as compensation for part of the real estate of the corporation taken by right of eminent domain; *Gifford* v. *Thompson*, 115 Mass. 478, where a corporation sold out its whole property and paid out the proceeds under the form of a dividend, and the sum so paid out was held to be capital and not income; and *Parker* v. *Mason*, 8 R. I. 427, where the bank had reduced the par value of its shares in consequence of certain supposed losses, and, on recovery of the sums supposed to have been lost, issued additional stock to the stockholders, and it was held that the new shares were to be treated as capital.

There are, however, cases which decide that surplus profits distributed in the form of new shares of stock issued for that purpose, belong to the tenant for life. *Clarkson* v. *Clarkson*, 18 Barb. S. C. 646; *Van Doren* v. *Olden*, 19 N. J. Eq. 176. But in those cases it does not appear that either party raised the question which we are now required to decide. In those cases the remainder man claimed, on the authority of *Brander* v. *Brander*, 4 Ves. Jun. 800, and similar cases, that extra dividends, in whatever form declared, were to be taken as part of the principal. Such was apparently the scope of the decision in *Brander* v. *Brander*, since in that case it is to be noted that the dividend was to be paid not

in stock of the bank but in annuities which were the property of the bank; but the doctrine of that case was doubted by Lord Eldon in *Barclay* v. *Wainewright*, 14 Ves. Jun. 66, and overruled in *Price* v. *Anderson*, 15 Sim. 473, decided in 1847, and in other English cases since decided, as well as by the above cited cases in New York and New Jersey. In Pennsylvania the doctrine of *Brander* v. *Brander* was affirmed in *Earp's Appeal*, 28 Pa. St. 368, but the court confine themselves to the discussion of that doctrine, and the distinction established by the decision relates solely to the time when the profits were earned. It was not contended that a division of surplus in the form of new stock could in no event be payable to the life tenant, and the decision therefore affords no aid in determining the question now before us.

It is to be observed that there are two further questions intimately connected with this subject, and which were somewhat discussed by counsel in the argument of this case. The first is whether in the case of dividends properly so called, that is in case of distributions of cash or property separated from the remaining property of the corporation, and paid out or transferred to the stockholders for their own use, the court will look into the source from which such money or property has arisen for the purpose of determining whether it is to be considered as income or as principal. The second question is whether, in case of such distributions as are last above described, it is competent for the corporation, by designating the payment as a *bonus* or extra dividend or otherwise, to determine the disposition of the money or property so distributed as between life tenant and remainder man. We do not think these questions are submitted to us in this case, and we have, therefore, not decided them.

Our conclusion is that the shares in question belong to the administrator on the estate of William Brown.

*Decree accordingly.*

*James Tillinghast*, for Samuel D. Brown.
*John F. Lonsdale*, for Russell M. Larned.