## PROVIDENCE COUNTY.

SARAH A. SLOCUM *vs.* SAMUEL AMES, Trustee, *et als.*

A testator devised in trust realty which he had purchased at a mortgagee's sale, and which subsequently, and while in the possession of the trustee under the will, was redeemed by the mortgagor under a decree of court rendered in a suit brought by him against the mortgagee. After an accounting with the trustee the mortgagee paid to him the amount which the testator had paid for the land, together with interest thereon from the date of the mortgage sale to the time of the accounting. So much of the money as was paid to the trustee as interest was claimed by the beneficiary for life under the trust as income of the trust estate.

*Held*, that as the whole amount paid to the trustee represented the value of, and was substituted for, the land which had constituted a part of the capital of the trust estate, the fund claimed was to be deemed principal and not income of the trust estate.

BILL IN EQUITY.    Heard on bill and answers.

*March* 4, 1896.   MATTESON, C. J.   The question raised by
the bill and answers is whether a sum of money in the hands
of the respondent Ames, as trustee under the will of James
M. Clarke, deceased, is to be regarded as a part of the prin-
cipal of the trust estate or as income.

The question arises on the following facts :   The testator,
on or about April 21, 1885, purchased for the sum of $9,000,
at a sale under a mortgage given by John Erastus Lester to
the Citizens Savings Bank, a certain parcel of land situated
in Johnston known as the Lester Estate, and thereupon en-
tered into and continued in possession of it to the time of his
decease.   Subsequently thereto, and while the estate was in
the possession of the trustee under the will, Lester, the
mortgagor, filed a bill to redeem against the Citizens Sav-
ings Bank as the mortgagee of the estate, and on July 8,
1893, obtained a decree of this court permitting the redemp-
tion of the estate on payment to the mortgagee of $16,797.28.
Lester paid this sum to the bank, and thereupon regained
possession of the estate.   On an accounting by the bank
with the respondent Ames, as trustee, $12,475.75 of the
money paid to the bank as the condition of redemption was
found due to Ames, and was paid to him by the bank.   The
difference between the sum thus received by the trustee and
the $9,000 paid by the testator for the estate on its purchase,
to wit, $3,475.75, is the sum in controversy.

The complainant, who is the beneficiary for life under the
trust created by the testator, and entitled in the first instance
to the income of the trust estate, claims that the fund should
be paid to her as part of the income, while the respondents
Shewell and Sprague, who on the death of the complainant
will become beneficiaries under the trust, contend that it is
to be deemed part of the principal of the trust estate.   The
ground of the complainant's claim is that the money in ques-
tion was paid to the trustee as interest on the $9,000 paid by
the testator, from the date of the mortgage sale to the time
of the accounting by the bank with the trustee.

We do not think that the claim of the complainant can be
maintained.   The investment of the $9,000 in the purchase

of the real estate was made by the testator. It was real estate which passed to the trustee under the trust, and the complainant as beneficiary received the income of it as a part of the trust estate down to the time of the redemption. When the $12,475.75 came into the hands of the trustee to take the place of the real estate which had been taken away from the trust estate by the redemption, it represented the value of, and was substituted for, that real estate, which had constituted a part of the capital of the trust estate. That in ascertaining the value of that real estate as between the bank and the trustee, as representative of the purchaser at the mortgage sale, interest was paid on the price paid for it by the testator, does not, as it seems to us, affect the question. The important fact is that the money paid by the bank to the trustee took the place of the land of which the trust estate had been deprived by the redemption. In *Gibson* v. *Cooke*, 1 Met. 75, damages for the taking of land for a railroad were held to be substituted capital of the trust estate, of which the land had formed a part, and not income. Again, in *Heard* v. *Eldredge*, 109 Mass. 258, money paid to a corporation for a part of its real estate taken by right of eminent domain, when distributed as a dividend to the shareholders, was held to belong to the capital and not the income of a trust fund invested in shares. See also *Holland* v. *Cruft*, 3 Gray, 162, 180, in which the court remarks : " The principle therefore appears to be fully settled, both upon well considered reasons of justice and expediency, and upon a series of authorities, that where land is devised as real estate, and either by the direction of the testator himself, or by operation of law, such real estate is converted into money for the purpose of better investment, or for any other purpose consistent with the design and purpose of the ultimate destination to which the real estate was appropriated, there the money is substituted for, and stands in the place of the devised real estate, and shall go to the same persons and in the same proportions, and vest in possession and enjoyment at the same times and upon the same contingencies, which would have affected the real estate, had it remained specifically in real estate."

We decide that the fund in question is to be deemed principal and not income of the trust estate.

*Charles E. Gorman*, for complainant.

*Samuel Ames*, for himself as trustee.

*Nathan H. Truman*, for the other respondents.