ROBERT H. GARDINER, trustee, *vs.* ROBERT H. GARDINER, executor, & others.

Suffolk.   March 25, 1912. — July 1, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Capital and Income.   Trust.   Voluntary Association.*

In a bill in equity by a trustee under a will for instructions as to whether he should treat as capital or as income certain preferred shares issued to him by the trustees of a voluntary association organized to acquire and hold securities and shares of the capital stock of certain street railway and other companies, the question of the propriety of the investment of trust funds in such shares was referred to as a question which was not presented by the record.

A deed, conveying securities of certain street railway and other corporations to trustees for the benefit of a voluntary association, provided for the issue to the associates of two classes of shares called preferred and common. The holders of preferred shares were given a preference to the amount of their holdings in the distribution of the assets of the association at the termination of the trust, and were entitled to preferential cumulative dividends of four per cent per annum. The trustees had power to dispose of or incumber the assets of the association, or to increase the issue of shares "for the purpose of providing means for the acquisition of additional property or otherwise accomplishing the purposes of the trust," upon a vote of two thirds of each class of shareholders. At a time when, because for several years dividends of four per cent had not been paid to the preferred shareholders by reason of lack of income, they would have been entitled to be paid dividends of seventeen and three quarters per cent before any dividend could be paid to common shareholders, and when there was no income immediately available or reasonably to be anticipated to pay such arrears, the trustees with the consent of the necessary number of shareholders voted to issue new preferred shares "in payment of the dividend arrears on the preferred shares now outstanding." Some of such new preferred shares were issued to a trustee under a will which provided for the payment of the income of the trust fund to certain beneficiaries for life, and the trustee by a bill in equity sought instructions as to whether he should treat such shares as capital or as income. *Held,* that the shares should be treated as capital.

BRALEY, J.   The plaintiff, who is trustee under the will of Charles Amory, Jr. received from his predecessor, and now holds as part

of the trust estate, seventy preferred shares in the Massachusetts Electric Companies, a voluntary association or trust organized to acquire and hold certain shares of the capital stock and securities of street railway and other companies, for the benefit of the holders of the preferred and common shareholders of the association as expressed in the agreement and declaration of trust. The propriety of the investment of trust funds in securities of this character is not presented by the amended record, and this question is postponed for decision until it properly arises. In the distribution of assets upon the termination of the agreement the shares, held by the plaintiff are given a preference over the common shares, and also are entitled to preferential semi-annual cumulative dividends at the rate of four per centum yearly during the life of the association. The dividends having been deferred for a considerable period, the plaintiff in common with the other preferred shareholders was offered additional preferred shares in payment of the arrears, and, having accepted the offer, he asks for instructions whether when received the shares should be treated as capital or imcome, and if considered as income whether they should be apportioned between the present beneficiaries for life, and the executor of the will of the testator's widow, to whom the income was payable during her life, but who died while the dividends were in suspension.

By the terms of the agreement the title, with full and exclusive authority to control and manage the property of the association, was conferred upon the trustees, but they could not sell, mortgage, pledge, encumber or dispose of any shares of stock or other property unless the consent of the holders of at least two thirds of each class of shares had been given at a meeting called for the purpose. The amount of capital is definitely fixed by the agreement, with an express provision that "for the purpose of providing means for the acquisition of additional property or otherwise accomplishing the purposes of the trust," the trustees, upon approval of a like proportion of each class of shares, may issue and dispose of additional shares upon such terms as the shareholders may determine, and the sanction of the required number of shareholders having been obtained and the parties not having questioned the validity of the issue of new shares, it may be assumed that they can be issued lawfully.

The material reasons which induced the trustees to recommend, and the shareholders to vote the increase are found in the agreed facts. To ascertain whether the distribution is to be treated as money taken from the treasury and used as income, or is capital to be held as an investment, it is necessary to review them. *Lyman* v. *Pratt,* 183 Mass. 58, 60, 61. The common shares while having a market value, apparently never have received a dividend, but from time to time additional preferred shares have been issued and sold to the general public, and the proceeds used in payment for enlargements of the property. A substantial period ensued, when the regular dividend on the preferred stock, not having been earned, fell into arrears to the extent of seventeen and three quarters per centum on the outstanding preferred shares. When this depression had somewhat abated fractional dividends were paid, followed by a resumption of the full rate, which has been since maintained. The deficiency could have been met if the net earnings had been sufficient. But the amount being in excess of any available surplus the trustees in their report to the shareholders stated, that while the association would be benefited if the accumulated dividends were paid, yet as its resources did not permit a disbursement in cash, and it being inadvisable to create a floating debt impairing its credit, they recommended the issue of additional preferred shares to be offered at par in payment to the holders of the outstanding preferred shares. The provisions of the contract with the preferred shareholders established an agreement between all the holders of the preferred and common shares and the association for the division of profits and of assets. *Page* v. *Whittenton Manuf. Co.* 211 Mass. 424. But under the agreement the trustees, and the members of the association, could not properly declare dividends unless the surplus earnings were sufficiently ample for their payment, and the limitation is recognized by the vote, which distinctly recites that the shares were issued "in purchasing the arrears of dividends on the outstanding preferred shares." *

---

* The vote of the shareholders was one of consent that the trustees might issue additional preferred shares and might "use the same in purchasing the arrears of dividends on the outstanding preferred shares by giving in payment therefor one of said additional preferred shares for each one hundred dollars of said arrears and proportional fractions of a share for less amounts." The trustees voted to issue such new shares "in payment of the dividend arrears on the preferred shares now outstanding."

*Field* v. *Lamson & Goodnow Manuf. Co.* 162 Mass. 388, 393, and cases cited.

It is the substance, however, and not the technical form of the transaction which determines the result. *Leland* v. *Hayden,* 102 Mass. 542, 550. *Heard* v. *Eldredge,* 109 Mass. 258, 260. *Rand* v. *Hubbell,* 115 Mass. 461, 474, 475. *Adams* v. *Adams,* 139 Mass. 449, 452. If the vote can be interpreted as a voluntary recognition of the preferred shareholders' contractual rights, which might not be enforced until the winding up of the association, even then it was not intended as a distribution of saleable shares based upon actual earnings. The capitalization had been deliberately increased as there were no profits for division, and if the financial outlook at the time had improved, a surplus of future net earnings sufficient to meet the outlay could not have been reasonably anticipated.

The dividend if declared by a corporation would be considered to have been an increase of capital, and not a product of the corporate business. *Daland* v. *Williams,* 101 Mass. 571. *Leland* v. *Hayden,* 102 Mass. 542. *Rand* v. *Hubbell,* 115 Mass. 461. *Davis* v. *Jackson,* 152 Mass. 58. *Lyman* v. *Pratt,* 183 Mass. 58. *Hyde* v. *Holmes,* 198 Mass. 287. *Gray* v. *Hemenway,* 206 Mass. 126. *Gray* v. *Hemenway, ante,* 239. After the enlargement of the permanent capital the property of the association neither had been increased nor diminished, and the preferred shareholders when the new shares have been issued will represent according to their holdings the same proportional preferences, which in the event of liquidation entitles them to priority over the common shareholders. *Page* v. *Whittenton Manuf. Co.* 211 Mass. 424. *Gray* v. *Hemenway, ante,* 239. *Gibbons* v. *Mahon,* 136 U. S. 549, 560. And while the association is not a creature of our statutes governing the formation and powers of corporations, but is organized and exists at common law, there is no ground for any distinction in the application of the principle announced in our decisions, that in whatever manner described or apportioned, an addition to capital stock generally is treated as capital belonging to the remainderman, and not to the beneficiaries for life. *Leland* v. *Hayden,* 102 Mass. 542, 550. *D'Ooge* v. *Leeds,* 176 Mass. 558, 561.

We are accordingly of opinion that, there having been no fund which could be designated either as profits, undivided earnings or

accumulated surplus sufficient to meet the disbursement necessary to discharge the arrearage, the issue of new shares must be deemed an addition to the outstanding capital of the association. The petitioner therefore is instructed, that when received the additional shares form part of the principal of the trust, and only the income therefrom is payable to the beneficiaries for life, Annie L. Dexter and Susan C. Amory, in equal shares under the terms of the testator's will.

*Decree accordingly.*

*J. G. Palfrey,* for the executor of the will of Mary Louisa Amory.
*R. H. Gardiner, Jr.,* for Annie L. Dexter and Susan C. Amory.
*A. D. Hill,* guardian *ad litem, pro se.*