EDMUND H. TALBOT & another, trustees, *vs.* MABEL M. MILLI-
KEN & others.

EDWARD W. HUTCHINS & another, trustees, *vs.* JULIA M. FAIR-
BANKS & others.

Suffolk.    March 25, 26, 1915. — May 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Capital and Income.  ·Trust,* Duties of trustee.  *Corporation,* Dividend.

An accumulated surplus of undivided profits of a manufacturing corporation,
which is distributed among its stockholders by means of a special dividend
of $50 a share on shares of the par value of $100 each with the effect of dimin-
ishing substantially the present market value of the shares, is income and
not capital, and a trustee, who holds such shares in trust to pay the income
to certain persons for life with remainders over to others, should pay the whole
of the dividend to the beneficiaries for life.  Following *Hemenway* v. *Hemen-
way,* 181 Mass. 406, and *Gray* v. *Hemenway,* 206 Mass. 126.

RUGG, C. J.    These are two bills in equity,* brought by trustees
under the wills of Charles F. Fairbanks and of Julia M. Marsh
respectively, praying for instructions whether under the terms of
wills providing for payment of the net income of the trust funds
to certain persons for life, with remainders over to others, a
certain dividend of $50 per share received by them upon stock of
the Bigelow Carpet Company is to be deemed income or capital.

Charles F. Fairbanks had been the treasurer and the active
head of the Bigelow Carpet Company.  Organized in 1899 with
a capital of $4,030,000, the company had been very successful
and for several years had a large surplus of undivided profits,
which since January, 1907, had been in excess of $2,015,000 and
which in 1914 amounted to about $4,000,000.  After the death
of Fairbanks in 1914, negotiations respecting the sale of not less
than seventy-five per cent of the capital stock of the company
were opened between a committee of the directors and two bank-

---

* These bills were filed in the Supreme Judicial Court on December 19,
1914, and the cases were reserved by *Crosby,* J., for determination by the
full court.

ing houses, which culminated in an oral offer of $225 per share, the par value of the shares being $100 each. Later it was suggested by some of the directors of the carpet company that, instead of a sale at $225 per share, the bankers should offer $175 per share after there had been declared in addition to a regular dividend of $3 per share a special dividend from the accumulated surplus or profits of $50 per share to be paid upon the acceptance of the offer by seventy-five per cent of the stockholders. A formal proposition to this effect was made by the bankers and submitted to the stockholders in a circular letter of the directors. The offer was accepted, and the special dividend was paid. Hence these bills.

The rule for determining the respective rights of those entitled to the income and to the principal of trust funds established long ago in this Commonwealth, and constantly followed, "is to regard cash dividends, however large, as income, and stock dividends, however made, as capital." *Minot* v. *Paine*, 99 Mass. 101. It is a simple rule, comparatively easy in its application to ordinary cases. It has received illustrations in many instances involving a great variety of facts. *Lyman* v. *Pratt*, 183 Mass. 58. *Boston Safe Deposit & Trust Co.* v. *Adams*, 219 Mass. 175. The court always looks at the substance of the transaction rather than its form, and does not suffer itself to be trammelled by the names used. If in its essence the payment is one out of capital, then it is treated as such no matter how it may be denominated. But if in truth it is a payment of earnings, then it is deemed income. As was said in *D'Ooge* v. *Leeds*, 176 Mass. 558, "The simple question in every case is whether the distribution made by the corporation is of money to be spent as income, or is of capital to be held as an investment in the corporation." It has been held that dividends in liquidation of a corporation are capital. *Gifford* v. *Thompson*, 115 Mass. 478. *Brownell* v. *Anthony*, 189 Mass. 442. Where the surplus or undivided profits already have been employed in the enlargement of the capital investment of the corporation and have become devoted to its physical plant, then a device to accomplish the transformation of such assets into stock obviously for the benefit of existing stockholders commonly will be treated as a stock and not a cash dividend. *Daland* v. *Williams*, 101 Mass. 571. *Rand* v. *Hubbell*, 115 Mass. 461, 474, 475.

In the case at bar there was no liquidation of the corporation. Its stock apparently was bought by the bankers for the purpose of continuing a profitable, stable and established business through the same corporation. Undoubtedly the dividend was paid in fact out of an accumulated surplus of earnings, which had not been used in making additions to the permanent investment of the corporation in buildings or other estate to which capital usually is devoted. Doubtless if the special dividend had not been declared before the purchase of the stock by the bankers, they could have declared a like dividend after securing control of the management. If that had been done, any of the petitioners who had kept their stock could have been under no misapprehension as to the character of the dividend. The time of its declaration cannot make a difference in its nature. The dividend was actually paid in cash. It did not represent any part of the permanent capital of the corporation as in *Heard* v. *Eldredge,* 109 Mass. 258. The case is not complicated by a simultaneous issue of additional stock, which sometimes gives rise to questions of difficulty. *Davis* v. *Jackson,* 152 Mass. 58. *Gardiner* v. *Gardiner,* 212 Mass. 508. The special dividend in effect diminished the net assets of the corporation by the precise amount paid out, but did not affect the proportionate interest of each share of stock in that which was left. *Gray* v. *Hemenway,* 212 Mass. 239. The circumstance that in the vote declaring the special dividend, the payment is referred to as a distribution and not as a dividend, is of slight consequence. The substance of the matter was the declaration of a cash dividend. In its essential features the case is indistinguishable from *Hemenway* v. *Hemenway,* 181 Mass. 406, and *Gray* v. *Hemenway,* 206 Mass. 126.

The plaintiffs are to be instructed that this dividend should be treated as income and should be paid to the beneficiaries for life according to their respective interests.

*So ordered.*

*F. Chase,* for the plaintiffs, stated the case.

*A. Marshall,* for the remaindermen and also as guardian *ad litem.*

*W. L. Van Kleeck,* for the life beneficiaries, was not called upon.