MORRIS GRAY & another, trustees, *vs.* AUGUSTUS HEMENWAY & others.

Suffolk.    January 21, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Capital and Income. Trust,* Duties of trustee. *Corporation,* Dividend.

Where a dividend is declared on shares in a corporation that are held by a trustee under a trust requiring the payment of the net income to certain beneficiaries for life with an ultimate remainder over of the principal of the fund, and where the vote of the directors of the corporation recited that such dividend was

---

* *Bell, J.*

"declared out of accumulated surplus profits of this company," which recital is true, the whole of the dividend must be treated as income and distributed to the beneficiaries for life, although the larger part of the dividend is payable in shares of another corporation and the whole dividend amounts in value to $33.30 on each share of $100. Following *Gray* v. *Hemenway*, 206 Mass. 126, and *Gray* v. *Hemenway*, 212 Mass. 239.

A dividend made by a corporation from its accumulated surplus profits is none the less to be treated as income because a part of the surplus came from a special dividend that it received upon the shares of another corporation held by it and which was derived by such other corporation from its profits in the sale of certain property held by it.

Nor is such a dividend any the less to be treated as income because derived in part from profits gained in the conversion into shares of certain convertible bonds previously issued by the corporation.

*It seems*, that, where a corporation holds shares of another corporation as a part of the corporate property used in its business but does not permanently capitalize the shares, such shares are available for distribution in a dividend of surplus profits when no longer needed as "floating capital."

DE COURCY, J.   On January 8, 1914, the directors of the Union Pacific Railroad Company declared a dividend upon the common shares, to the holders thereof on March 2, 1914, of the following amounts upon each share: $3 in cash; $12 in preferred stock of the Baltimore and Ohio Railroad Company, charged to profit and loss at the rate of $80 per share; and $22.50 in common stock of the Baltimore and Ohio Railroad Company, charged to profit and loss at $92 per share.   At these rates the aggregate dividend was equivalent to $33.30 a share ($3 and $9.60 and $20.70).

The trustees under the will of Augustus Hemenway, holding twenty-five hundred shares, received in payment of the above dividend three hundred preferred and five hundred and sixty-two and a half common shares of the Baltimore and Ohio Railroad Company; $7,555.82 in cash (including accrued interest upon the sum appropriated for the dividend during a period of delay in payment), and afterwards $2,286 for dividends received upon the shares comprised in this dividend during the postponement.   They now ask the direction of this court * regarding the disposition of the dividend; namely, whether it belongs to the principal of the trust fund, or is income which should be distributed to the life tenants.

The answer fundamentally depends upon whether the dividend

---

* At the request of the parties the case was reserved by *Pierce*, J., for determination by the full court.

in question was paid from the accumulated surplus earnings, or out of capital of the corporation. If it was a payment of earnings, it must be considered as income for the purposes of the trust, although the amount distributed was unusually large, and consisted partly of shares in another corporation. *Gray* v. *Hemenway,* 212 Mass. 239. *Talbot* v. *Milliken,* 221 Mass. 367.

The resolution of the board of directors by which the extra dividend in question was declared expressly recited that the dividend "be and is hereby declared out of accumulated surplus profits of this company." When we go behind the records of the directors and look at the substance of the transaction, we are not convinced by the argument of the remainderman, that the corporation did not have a sufficient surplus to which the dividend could be charged as a dividend of income, and that hence the payment in fact was one out of capital. At that time the assets and liabilities of the Union Pacific Railway Company were substantially the same as set out in the latest balance sheet, which showed surplus assets of $157,647,985.06. Of this $28,000,000 was reserved for possible depreciation of securities, leaving an unappropriated surplus of $129,647,985.06; while the aggregate amount required for the dividend was $74,020,372.

It is urged that this surplus was insufficient because it included $58,680,000 which was the special dividend received in 1910 on its Oregon Short Line Railroad Company stock, and derived by the latter from its profits in the sale of its Northern Securities Company investments; and also included $15,868,200 profits gained between 1907 and 1913 in the conversion into shares of the Union Pacific convertible bonds of 1907. But aside from the fact that with these sums excluded there still would remain more than enough surplus to satisfy the dividend in question ($74,020,372), these two sums were profits available for dividends, as was decided in *Equitable Life Assurance Society* v. *Union Pacific Railroad,* 212 N. Y. 360, 367, *Balch* v. *Hallet,* 10 Gray, 402, 404, *Harvard College* v. *Amory,* 9 Pick. 446, 463.

It is further contended by the remaindermen that the portion of the dividend in question which consists of Baltimore and Ohio Railroad Company stock was a capital asset of the Union Pacific Railroad Company, and that the distribution of this stock was a dividend of capital, and should be regarded as part of the corpus

of the trust fund. The facts in the case indicate that the dividend in question was declared in contemplation of the reduction of the regular dividend rate from ten to eight per cent; and that the amount and character of the extra dividend was determined with a view to compensate the stockholders for this reduction, by distributing property which would yield to them an income counteracting the reduction. It was not, however, a dividend in liquidation or partial liquidation of the capital stock of the corporation or of capitalized profits used in its business, as in *Gifford* v. *Thompson,* 115 Mass. 478, *Heard* v. *Eldredge,* 109 Mass. 258. See *Gray* v. *Hemenway,* 212 Mass. 239. These Baltimore and Ohio Railroad Company shares were bought from the Oregon Short Line Railroad Company just before the dividend in question. From the time of their purchase by the latter company in 1901 and 1903 these shares were not owned by the Union Pacific, and could not have been dealt with except through the corporate action of the Oregon Short Line, even though the Union Pacific was the beneficial owner of all the shares of the Oregon Short Line. *Brighton Packing Co.* v. *Butchers Slaughtering & Melting Association,* 211 Mass. 398, 403. *Smith* v. *Hurd,* 12 Met. 371, 385. So that, even assuming that the Southern Pacific and Northern Pacific shares, (with the proceeds of which the Baltimore and Ohio stock was acquired by the Oregon Short Line Railroad Company) originally had the character of capital impressed on them so far as they were purchased with the proceeds of Union Pacific convertible bonds, they had lost that character when sold to the Oregon Short Line. Such character would be transferred to the funds received by the Union Pacific Company in their place. *Springfield Institution for Savings* v. *Copeland,* 160 Mass. 380, 384.

Further, even if we could trace into the Baltimore and Ohio shares the Southern Pacific and Northern Pacific shares or their proceeds, it is difficult to see how the latter ever had impressed on them the character of capital of the Union Pacific Company. They were a part of the corporate property, used in the business of the corporation, but not permanently capitalized, and were available for distribution when no longer needed as "floating capital." *Equitable Life Assurance Society* v. *Union Pacific Railroad,* 162 App. Div. (N. Y.) 81; 212 N. Y. 360. *Hemenway* v. *Hemenway,* 181 Mass. 406, 411. *Balch* v. *Hallet, ubi supra.* In view of that

fact it is unnecessary to dwell upon the contention of the life tenants that even the original purchase of the Southern Pacific and Northern Pacific shares by the Union Pacific was not made out of capital.

On the facts we cannot say that capital of the corporation was distributed under guise of a dividend, and our decision must be governed by *Gray* v. *Hemenway,* 206 Mass. 126, and *Gray* v. *Hemenway,* 212 Mass. 239, and the authorities cited in those cases.

The trustees are to be instructed that this dividend should be treated as income and distributed to the life tenants in accordance with the terms of the will. The costs of the litigation are to be charged upon the principal of the fund. *Gray* v. *Hemenway,* 212 Mass. 239, 243.

*So ordered.*

*B. L. Young,* for the plaintiffs, stated the case.

*J. L. Thorndike,* (*F. V. Barstow* with him,) for the beneficiaries for life.

*J. G. Palfrey,* guardian *ad litem,* and for the remaindermen.