HAROLD J. COOLIDGE & others, trustees, *vs.* ALEXANDER G. GRANT, guardian *ad litem.*

Suffolk.   December 12, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Corporation,* Stock dividend. *Capital and Income.   Trust,* Duties of trustee.

A Massachusetts corporation had outstanding cumulative preferred stock which was entitled to dividends at the rate of six per cent.   For a number of years dividends had not been paid at that rate until the accumulated unpaid dividends amounted to $22.50 per share.   In order to adjust these unpaid dividends, the directors voted to declare on each share a dividend of $2.50 in case and "a stock dividend of 20% . . . payable in 7% cumulative prior preference stock at par" to such shareholders as elected to receive it on named conditions.   The vote to pay this stock dividend was prefaced by a recital to the effect that the company, after paying the cash dividend, would "have a surplus in its Profit & Loss Account in excess" of the remaining overdue dividends "accumulated from earnings and invested in real and personal property."   The prior preference stock described in the vote was a part of a much larger authorized issue, a large portion of which was sold for cash for general corporation purposes.   Many holders of the preferred stock elected to take all their cumulative dividends in cash and not to receive part in prior preference stock.   Trustees under a trust in Massachusetts received their dividends in part in prior preference stock according to the directors' vote, sold the prior preference stock, paid the proceeds of the sale to a life tenant as income, and sought to have allowed an accounting showing such disposition.   A decree in the Probate Court disallowed the item and readjusted the account.   The trustees appealed. *Held,* that

(1) The prior preference stock was a stock dividend;

(2) The proceeds of the sale of the prior preference stock by the trustees should not have been distributed as income but should have been accounted for as capital.

PETITION, filed in the Probate Court for the county of Suffolk by the trustees under the will of Erastus B. Bigelow, late of Boston, for the allowance of their ninth account.

By order of *Dolan,* J., Alexander G. Grant, Esquire, was appointed guardian *ad litem* or next friend for "persons unborn or unascertained who are or may become interested in" the account.   The guardian objected to the allowance of a

payment out of income to the life beneficiary under the trust of the sum of $4,985.50, proceeds of the sale of the shares of the prior preference stock of the Puget Sound Power and Light Company, a Massachusetts corporation, which the trustees received in the circumstances described in the opinion.

The petition was heard by *Dolan*, J., on an agreed statement of facts. The facts are described in the opinion. By order of the judge, a decree was entered that the items as to the proceeds of the sale of the prior preference stock in question be disallowed as payments of income and charged as accumulation of capital, and the account was restated in its various schedules accordingly. The trustees appealed.

*E. A. McLaughlin, Jr.*, (*H. J. Coolidge* with him,) for the petitioners.

*A. G. Grant*, for the respondent.

RUGG, C.J.    The question in this case is whether a stock dividend received by the trustees under a will is to be paid to the life tenant as income or held as a part of the principal of the trust. The plaintiffs as trustees held preferred stock in a Massachusetts corporation. That stock was entitled to cumulative preferential dividends at the rate of six per cent under certain conditions. These were paid only intermittently, so that in March, 1922, the accumulated unpaid dividends amounted to $22.50 on each share. In February, 1922, in order to adjust these unpaid dividends, the directors voted to declare on each share a dividend of $2.50 in cash and "a stock dividend of 20% . . . payable in 7% cumulative prior preference stock at par" to such shareholders as elected to receive it on named conditions. The vote to pay this stock dividend was prefaced by a recital to the effect that the company, after paying the cash dividend, would "have a surplus in its Profit & Loss Account in excess" of the remaining overdue dividends "accumulated from earnings and invested in real and personal property." It does not appear whether this investment was "in real and personal property" needed and used for the purposes of the business of the corporation, or in property not so needed or used. The prior preference stock thus to be issued for adjustment of overdue cumulative dividends was a part of a

much larger authorized issue of such stock and during the year 1922 more than $2,500,000 of par value of such stock, in addition to that distributed among stockholders in adjustment of unpaid dividends, was issued and sold for cash for general corporate purposes.

Manifestly it was optional with the holders of the stock whether to accept the proposal of the corporation to adjust overdue cumulative dividends by taking the proposed stock dividend, or to retain their rights under the preferences secured by their preferred stock. The holders of a large number of shares of such stock refused to take such stock dividend in payment of overdue dividends, and at a later time these were paid in cash. The corporation earned its dividends annually during the entire period of ownership of their stock by the petitioners, but passed the dividends or paid them in part because of a desire "to conserve the company's resources."

The dividend in the case at bar was avowed by the directors in their vote to be a "stock dividend." There is no suspicion that this avowal was not made in good faith. A declaration by the officers of a corporation made honestly is entitled to great weight in determining the nature of a dividend. It was in substance and effect precisely what the directors said it was. It was the issuance of stock for full value in payment of an obligation of the corporation. When issued it was on an equality with all other stock of the same class. The amount of it became at once capital to be continued in the business of the corporation.

The case at bar falls within the general rule for determining whether dividends belong to the life tenant or the remainderman. It is stated in *Minot* v. *Paine,* 99 Mass. 101, 108: "A simple rule is, to regard cash dividends, however large, as income, and stock dividends, however made, as capital." It was applied in that case to a stock dividend declared against net earnings of the corporation. It has been followed in a large number of our cases. *Daland* v. *Williams,* 101 Mass. 571. *Rand* v. *Hubbell,* 115 Mass. 461, 474. *Davis* v. *Jackson,* 152 Mass. 58. *D'Ooge* v. *Leeds,* 176 Mass. 558. *Hemenway* v. *Hemenway,* 181 Mass. 406.

*Hyde* v. *Holmes,* 198 Mass. 287.   *Gray* v. *Hemenway,* 206 Mass. 126. · *Talbot* v. *Milliken,* 221 Mass. 367.  *Smith* v. *Cotting,* 231 Mass. 42.   To the same point are *Gibbons* v. *Mahon,* 136 U. S. 549, 559, 560, *Towne* v. *Eisner,* 245 U. S. 418, *Lamb* v. *Lehmann,* 110 Ohio, 59.   See 34 Yale Law Journal, 195 to 199, for a collection of cases.

The case at bar is distinguishable from *Gray* v. *Hemenway,* 212 Mass. 239, and *Gray* v. *Hemenway,* 223 Mass. 293, where the dividend was in shares of another corporation in which surplus earnings had been invested.   It is distinguishable, also, from *Leland* v. *Hayden,* 102 Mass. 542, *Heard* v. *Eldredge,* 109 Mass. 258, and *Gifford* v. *Thompson,* 115 Mass. 478, where the general rule was recognized but the facts were widely different from those here disclosed and a different result was reached.

The case at bar is in its facts very close to *Gardiner* v. *Gardiner,* 212 Mass. 508, and *Mills* v. *Britton,* 64 Conn. 4, where stock issued in payment of dividends on other stock was held to go to the principal of the trust and not to the life tenant.

*Decree affirmed.*