OLD COLONY TRUST COMPANY, trustee, *vs.* ANNA OLEONDA PRINCE JAMESON & others.

Suffolk.   March 15, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Capital and Income.   Corporation,* Stock dividend.

A manufacturing corporation organized a subsidiary corporation into whose treasury it paid a sum of money from its surplus and received therefor shares of the subsidiary corporation's stock.   Later it organized a second corporation to which it conveyed the shares of the first subsidiary corporation and received shares of the second corporation therefor.   These shares of the second corporation it distributed

to its own stockholders.  Upon a petition by a trustee under a will who held shares of the parent corporation and had received from it shares of the second corporation, it was *held*, that

(1) The shares so received must be treated as income by the trustee;

(2) The fact that the result was brought about by methods and in a form according to a desire on the part of the officers of the parent corporation to distribute the shares so that they would be held to be capital for Federal income tax purposes, did not change the character of what in fact was done, in so far as the present proceeding is concerned.

PETITION, filed in the Probate Court for the county of Suffolk on April 22, 1925, by the trustee under the will of Charles J. Prince, late of Boston, for instructions as to what disposition as between capital and income should be made of two shares of common stock and seventy-eight shares of "special stock" of the General Electric Company, and of fifty-two shares of the Electric Bond and Share Securities Corporation, received by it from the General Electric Company.

B. Loring Young, Esquire, was appointed guardian *ad litem* or next friend for certain minors and for persons unborn or not ascertained who might become interested in the action.

The petition was heard by *Dolan*, J., upon a statement of agreed facts.  Material facts are stated in the opinion. By order of the judge, a decree was entered that the two shares of common stock and the seventy-eight shares of "special stock" of the General Electric Company be credited to capital and that the fifty-two shares of the stock of the Electric Bond and Share Securities Corporation be credited to income.  The guardian *ad litem* appealed from so much of the decree as referred to the fifty-two shares of the common stock of the Electric Bond and Share Securities Corporation.

*B. L. Young & C. A. Coolidge, Jr.*, for the guardian *ad litem*.

*E. A. McLaughlin, Jr.*, for the respondent Jameson.

CARROLL, J.  In this petition for instructions, the question to be decided is whether fifty-two shares of the Electric Bond and Share Securities Corporation, distributed by the General Electric Company, is to be paid to the respondent

Jameson as income, or treated as capital and held by the trustees.   In the Probate Court it was decided that the fifty-two shares were to be credited to income.   The guardian *ad litem* appealed.

The testator died in 1905, leaving the net income of the trust fund involved to the defendant Jameson, with the remainder over to the defendants represented by the guardian *ad litem*.   Shares of the General Electric Company were held by the trustees as part of the trust fund.   The General Electric Company owned all the common stock and three hundred shares of the preferred stock of the Electric Bond and Share Company.   On December 30, 1924, it was voted as follows:

"1. That the General Electric Company reorganize by separating from its other assets 250,000 shares of Common stock and 300 shares of Preferred stock of the Electric Bond and Share Company, now owned by the General Electric Company.

"2. That said reorganization be effected by the organization under the laws of the State of New York of a new corporation having a total authorized capital stock of 1,802,870 shares without nominal or par value, and the transfer to said new corporation of all said assets consisting of said stock of the Electric Bond and Share Company.

"3. That in consideration of said transfer and immediately thereafter the new corporation be required to issue solely to holders of the Common stock of the General Electric Company . . . shares of its stock to consist of voting Common stock without nominal or par value, in the ratio of one share of said Common stock of said new corporation for each share of said Common stock of General Electric Company, so that immediately after the transfer of said assets the stockholders of General Electric Company shall own all the issued and outstanding stock of said new corporation and be in control thereof."

The new corporation was formed as the Electric Bond and Share Securities Corporation, hereinafter called the Securities Corporation, and the stock distributed in accordance with the vote.

The Electric Bond and Share Company was formed by the General Electric Company. It represented an investment of surplus earnings which were carried as a separate investment by the General Electric Company, as shown by its report, and the distribution of the stock, was charged against surplus. It was a part of its profits. One of the reasons why the vote was to reorganize and form a new corporation was that in this form the transaction came under c. 234, § 203 (2), of the Revenue Act of 1924, but it was agreed that "the vote would have been in substantially the same form for other reasons if no such tax reason had existed."

"A simple rule is, to regard cash dividends, however large, as income, and stock dividends, however made, as capital." *Minot* v. *Paine*, 99 Mass. 101. But as shown by the memorandum of findings and rulings of the judge of probate, the case at bar cannot be distinguished from *Gray* v. *Hemenway*, 212 Mass. 239. It is a controlling authority and governs the decision of the case. In *Gray* v. *Hemenway* the Delaware, Lackawanna and Western Railroad Company, a Pennsylvania company, invested part of its surplus in the stock of the Lackawanna Railroad Company, a New Jersey corporation. The Pennsylvania company declared a dividend payable in the stock of the New Jersey corporation. It was held that the dividend was to be treated as income, following *Leland* v. *Hayden*, 102 Mass. 542. Mr. Justice Sheldon, speaking for this court in *Gray* v. *Hemenway, supra*, at page 241 said, "Here, as in that case, the shares distributed represented an investment of accumulated profits, and it can make no difference that the investment was made by original subscription for the shares taken instead of purchasing them in the market . . . if the directors . . . had sold the shares and divided the proceeds among their stockholders, there could have been no doubt that it was a cash dividend and belonged, as between tenants for life and remaindermen, to the former." The dividend in question, like the dividend in *Gray* v. *Hemenway*, was not a stock dividend, properly so called; see *Coolidge* v. *Grant*, 251 Mass. 352; "It left the corporation the poorer by what was given to the stock-

holders; it left the proportional interest of each stockholder in the diminished *quantum* of the corporate property exactly what it had been." *Gray* v. *Hemenway, supra.* These dividends of the stock in another corporation were not a distribution of property in dissolution of the corporation, as in *Brownell* v. *Anthony,* 189 Mass. 442; neither does the principle established in *D'Ooge* v. *Leeds,* 176 Mass. 558, apply. The transaction by which the stock of the Securities Corporation was distributed is to be treated as a cash dividend payable to the life tenant. *Leland* v. *Hayden, supra. Gray* v. *Hemenway, supra. Gray* v. *Hemenway,* 223 Mass. 293. *Smith* v. *Cotting,* 231 Mass. 42.

The form adopted by the directors of the General Electric Company did not make the distribution a distribution of the capital of the General Electric Company. As found by the judge of probate, the desire of the directors to distribute the shares so that they would be held as capital for Federal income tax purposes, did "not change the character of what was in fact done in so far as the present proceeding is concerned."

Costs as between solicitor and client are to be taxed in the discretion of the judge of probate. The decree of the Probate Court is affirmed.

*Ordered accordingly.*