ISABEL P. TYLER, administratrix, *vs*. TREASURER AND RECEIVER
GENERAL.

MORGIANA H. PARKER, executrix, *vs*. SAME.

ATTORNEY GENERAL *vs*. AMY P. PIERCE.

Suffolk.    January 15, 1917. — March 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Tax*, On legacies and successions.    *Insurance*, Life.    *Statute*, Construction.

St. 1912, c. 678, § 1, as amended by St. 1913, c. 498, imposing an excise on the
passing of property, "which shall pass by will, or by the laws regulating intestate
succession, or by deed, grant or gift . . . made or intended to take effect in
possession or enjoyment after the death of the grantor," does not impose such
a succession tax on money paid to the beneficiary under a policy of life insurance
upon the death of the insured.

Discussion by RUGG, C. J., of the nature of contracts of life insurance.

The rule of interpretation, that tax laws are not to be stretched beyond their
reasonable meaning but rather in cases of doubt are to be construed with some
strictness, applies to the construction of St. 1912, c. 678, as amended by St.
1913, c. 498, imposing an excise on legacies and successions.

The practical construction put upon a statute for many years by the public officers
charged with its enforcement is a circumstance sometimes entitled to consider-
able weight in interpreting doubtful language of the statute.

TWO PETITIONS, filed in the Probate Court for the county of
Suffolk on October 10, 1916, under St. 1909, c. 490, Part IV, § 20,
respectively by the administratrix of the estate of Frank J.
Tyler and the executrix of the will of Charles W. Parker against
the Treasurer and Receiver General for the abatement of suc-
cession taxes alleged to have been assessed unlawfully upon pay-
ments made to the beneficiaries under certain policies of life
insurance; and an

INFORMATION IN EQUITY, filed in the Supreme Judicial Court
on November 29, 1916, by the Attorney General against the widow
of William H. Pierce, late of Fall River, the beneficiary under
certain policies of life insurance, to collect a succession tax on
payments made to the defendant as such beneficiary.

In each of the first two cases the Probate Court made a decree
abating the tax and ordering the Treasurer and Receiver Gen-

eral to repay it, and in each case the Treasurer and Receiver General appealed.

An order was made by a single justice of the Supreme Judicial Court that the two appeals and the information filed by the Attorney General should be heard together. Later the cases came on to be heard together before *Braley*, J., who reserved them for determination by the full court.

*W. H. Hitchcock*, Assistant Attorney General, for the Treasurer and Receiver General.

*P. Nichols*, for the petitioner Isabel P. Tyler.

*C. H. Fiske*, Jr., for the petitioner Morgiana H. Parker.

*W. A. Morse*, for the respondent Amy P. Pierce.

RUGG, C. J. The question raised in these cases is whether money paid to the beneficiary under a policy of life insurance is subject to the succession tax. The policies here in issue all are well recognized forms of genuine life insurance. Manifestly money so paid does not pass "by will, or by the laws regulating intestate succession." But it is contended in behalf of the Treasurer and Receiver General that it is comprehended with these words of St. 1912, c. 678, § 1, as amended by St. 1913, c. 498: "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, belonging to inhabitants of the Commonwealth, . . . which shall pass . . . by deed, grant or gift, except in cases of a *bona fide* purchase for full consideration in money or money's worth, made or intended to take effect in possession or enjoyment after the death of the grantor, . . . shall be subject to a tax." Confessedly the beneficiary of each of the insurance policies in the cases at bar receives nothing by way of "deed" or "grant." Hence the only word of the statute which can be argued to be operative is "gift."

A policy of life insurance is a contract. It is commonly a tripartite agreement, to which the parties are the insured, the insurer and the beneficiary. A policy of life insurance is a contract for a consideration paid, usually in money, in one sum or at different times during the continuance of the risk, which involves the payment of money or other thing of value by the insurer to the family, kindred, representative, or other designated beneficiary of the holder of the policy, conditioned upon the continuance or cessation of human life, or which involves a guaranty,

assurance or pledge of an endowment or an annuity. *Commonwealth* v. *Wetherbee*, 105 Mass. 149, 160. See St. 1907, c. 576, § 66; *Curtis* v. *New York Life Ins. Co.* 217 Mass. 47. The rules applicable to the interpretation and enforcement of policies of life insurance are those which govern contracts. *Davis* v. *New York Life Ins. Co.* 212 Mass. 310. While, speaking with technical accuracy, a beneficiary is not a party to a policy of life insurance and could not at common law maintain an action in his own behalf, yet he has an equitable interest in the policy and can maintain an action for his own benefit in the name of the personal representatives of the insured, and by statute is enabled to bring an action in his own name. *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381, 400. St. 1907, c. 576, § 73. The rights of the beneficiary are thus protected by the law and by the statute. The rights of the beneficiary attach at once upon becoming so designated by the terms of the contract. *Pingrey* v. *National Life Ins. Co.* 144 Mass. 374. Where the beneficiary is the wife of the insured, her rights instantly vest upon a meritorious consideration. *Bailey* v. *Wood*, 202 Mass. 562. It has been said that, apart from any statutory provision, the designation of a beneficiary in a policy of life insurance is in the nature of an executory trust for his benefit of which he cannot be deprived without his consent. *Boyden* v. *Massachusetts Mutual Life Ins. Co.* 153 Mass. 544, 546. Said Chief Justice Fuller in *Central Bank of Washington* v. *Hume*, 128 U. S. 195, at page 206: "It is indeed the general rule that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries. . . . *Gould* v. *Emerson*, 99 Mass. 154. *Knickerbocker Life Ins. Co.* v. *Weitz*, 99 Mass. 157." The rights of the beneficiary are vested when the designation is made in accordance with the terms of the contract of insurance. They take complete effect as of that time. They do not wait for their efficacy upon the happening of a future event. They are in no wise modified or increased at the time of the death of the insured.

The contract of life insurance differs from most other contracts, in that it is not intended ordinarily for the benefit of the insured, but of some dependent. Its original and fundamental conception is a provision by small, periodical contributions to secure a

benefit for the family.  While this conception has been enlarged in some respects, and especially in its commercial aspects, still the basic elements continue and are found in all the cases at bar. The insured retains no ownership of that which has passed to the beneficiary under the contract.  A reserved right to change the beneficiary does not affect the essential nature of the rights of the beneficiary so long as they last.  Whatever the insured does in way of designation of a beneficiary takes effect forthwith.  If his act rightly be describable as a gift, it is a present gift which, so far as concerns him, takes effect at once both in possession and enjoyment by the beneficiary.  *Attorney General* v. *Clark,* 222 Mass. 291. ˙ There is no fund in which he has an ownership which is the subject of his act in designating the beneficiary, as in *New England Trust Co.* v. *Abbott,* 205 Mass. 279, and *State Street Trust Co.* v. *Treasurer & Receiver General,* 209 Mass. 373.  The insured has no title to the amount due on the policy.  He does not and cannot make a gift of that.  The right to that amount as an instant obligation does not spring into existence until after his death.  Even then the money belongs to the insurer, who is charged with the duty by the contract to pay to the beneficiary.  So far as the insured is a "grantor," to use the word of the statute, the only thing which he grants or can grant is an interest in a contract. So far as he can make a "gift," the only thing which he has to give is a right in a contract.  By designating a beneficiary both the "grant" and the "gift," so far as either exist at all, take effect in enjoyment and possession at once.  Such a relation does not by fair intendment come within the descriptive words of the statute as "property . . . which shall pass . . . by . . . gift . . . made or intended to take effect in possession or enjoyment after the death of the grantor."

Tax laws are not to be stretched beyond their reasonable meaning, but rather in cases of doubt are to be construed with some strictness.  *Martin L. Hall Co.* v. *Commonwealth,* 215 Mass. 326. If an alleged right to tax does not fall within the words of the governing statute, it does not exist.  *City National Bank* v. *Charles Baker Co.* 180 Mass. 40, 41.

None of the policies in the cases at bar are commercial contracts which bear any earmarks of being designed to avoid the operation of the tax law.  On the contrary, they are well recog-

nized forms of insurance which have been in common use for a long time.

The conclusion is that sums received by beneficiaries in accordance with designations made in contracts of insurance are not subject to the succession tax.

This conclusion is confirmed by the practical construction put upon the law by those charged with the enforcement of the law through many years, a circumstance sometimes entitled to considerable weight. *Burrage* v. *County of Bristol,* 210 Mass. 299. It is in harmony with the few other decisions which have come to our attention where this point is involved. *Estate of Bullen,* 143 Wis. 512, 523. *Matter of Parsons,* 117 App. Div. (N. Y.) 321. *Vogel's estate,* 1 Penn. Co. Ct. 352.

In *Attorney General* v. *Pierce* the entry may be, information dismissed with costs. In each of the other cases decree may be entered affirming the decree of the Probate Court, with costs.

*So ordered.*