Wilson, J.
This is an action of contract in which the plaintiff seeks to recover the proceeds of two life insurance policies. The defendant’s answer was a general denial and set up a surrender of the policies by the insured upon payment of the cash surrender value thereof. It was agreed that the policies might be referred to.
The policies were taken out by the plaintiff upon the life of her daughter, Mabel M. A. Lee, whose name by marriage became Mabel Mary Mullin. One policy was taken out when the insured was fourteen years of age; the other when she was twenty. The policies themselves contained no designated beneficiary but contained a clause permitting the company to pay “to either the executor or administrator, *336 husband or wife, or any relative by blood, or lawful beneficiary. ’ * The policies contained no express provision for a cash surrender thereof. The insured died February 14, 1938, and the plaintiff made claim for payment of the policies. It also appeared that the policies had been previously surrendered by the insured, said Mabel M. Mullin, and the cash surrender value thereof had been paid to her in her lifetime without the knowledge of the plaintiff. One of the policies was so surrendered in November or December, 1935, and the other in March, 1936.
There was evidence tending to show that up to about six years ago the plaintiff paid all the premiums from the issuing of the policies to the agent who called at her house, but thereafter they were paid through her daughter, the insured, at the office of the company.
The plaintiff offered in evidence a paper called “DISTRICT NOTE OF INQUIRY AS TO WHO IS THE BENEFICIARY (only),” which purported to be an inquiry sent by the Lowell office to the Home Office of the company on August 20, 1913, inquiring who was the beneficiary under the policies. The paper contained the information in a space for that purpose that the beneficiary was “Rose Lee — mother.”
This record was admitted by the trial judge over the objection of the defendant. The docket entries, however, fail to show that the defendant saved this claim of error. It was not “reduced to writing in a summary manner and filed with the clerk” as required by G. L. (Ter. Ed.) c. 231, §108, as amended.
The trial court made a general finding for the defendant. Such a general finding must be sustained by us if there is any evidence to support it. MacLeod v. Davis, 290 Mass. 335, 338, and cases there cited. Herman v. Sadolf, Mass. Adv. Sh. (1936) 1067, 1068.
*337 The trial court must, however, instruct himself properly as to the law applicable to the case if he is requested by appropriate requests for rulings. Adamaitis v. Metropolitan Life Insurance Company, Mass. Adv. Sh. (1936) 1601, 1604.
The plaintiff presented numerous requests for rulings. The trial court gave numbers 3 and 6 and refused numbers 1, 2, 4, 5, 7, 8, 9,10, with the various subdivisions of 1 and 2. He took no action regarding numbers 11, 12, 13, 14, 15, 16 and 17.
Failure to deal with these requests is equivalent to a refusal thereof and must be so .treated. Jasuikiewicz v. Wright, 288 Mass. 63, 65.
Where, as in the instant case, numerous requests are filed, a party may expect adequate consideration of them but not a detailed discussion in an opinion. Hietala v. Boston and Albany Railroad, Mass. Adv. Sh. (1936) 1591, 1599.
The rules applicable to the interpretation and enforcement of policies of life insurance are those which govern contracts. Tyler v. Treasurer and Receiver General, 226 Mass. 306, 308. Davis v. New York Life Insurance Company, 212 Mass. 310.
The rights of a beneficiary attach at once upon becoming so designated by the terms of the contract. Pingrey v. National Life Insurance Company, 144 Mass. 374. Tyler v. Treasurer and Receiver General, supra, at page 308, where the court said:
. ‘ ‘ The rights of the beneficiary are vested when the designation is made in accordance with the terms of the contract of insurance. They take complete effect as of that time.”
In the policies in the instant case no beneficiary is designated, but the policies on their face are payable “either to *338 the executor or administrator, husband or wife, or any relative by blood, or lawful beneficiary of the insured.”
It, therefore, appears from the policies themselves that the designation of a “lawful beneficiary” was contemplated and as no place appears upon the policies themselves, it must have been intended that such designation was to be made at that or a later time by some other paper or in some other manner.
Insofar as the applications for said policies are before us in this report, it does not appear that the plaintiff was designated as the beneficiary in said applications. Except as endorsed on or attached to the policies, they are not to be considered as a part of the policies. G. L. (Ter. Ed.) c. 175, §13.
The only evidence which would in any way support the contention of the plaintiff that she was the “lawful beneficiary,” was the memorandum introduced in evidence over the defendant’s objection and above referred to. The plaintiff claims that memorandum was an admission of the company that the plaintiff was the designated beneficiary. But such an admission is to be considered as to its weight like other evidence, and its weight was to be considered by the trial judge in his fact finding capacity. Hawkes v. Lackey, 207 Mass. 424, 433.
The trial court may have concluded that said memorandum only indicated the plaintiff to be the then nearest of kin, and in that sense only, the beneficiary. He may have concluded that its contents were not made known to the plaintiff or that it was not made by any person authorized to bind the defendant company. Belbas v. New York Life Insurance Company, Mass. Adv. Sh. (1938) 1135, 1139. O’Neil v. Metropolitan Life Insurance Company, Mass. Adv. Sh. (1938) 1141, 1145. He may have believed it was a memorandum between offices of the company and for the in *339 formation and convenience of the company alone. We cannot say his finding for the defendant was unwarranted on this branch of the case.
Cases like Millard v. Brayton, 177 Mass. 533, are not authority for a ..different conclusion. There the contract (the policy) itself recited that it was a contract between the beneficiary and the insurance company whereby the beneficiary was securing protection for herself and her children of their insurable interest in the life of the insured, her husband, and their father. There the insured himself, in fact, paid the premiums, although the policy recited that they were paid and were to be paid by the beneficiary.
It seems, therefore, that who pays the premiums is not conclusive but who makes the contract to pay them. In the instant case, although it could have been found that the plaintiff paid the premiums, she was not named in the policy as a party to the contract.
But it is claimed by the defendant that even if the plaintiff was designated beneficiary and even though the policy contained no cash surrender clause, the insured still had the right to surrender the policy for such an amount as could be agreed upon between the insured and the defendant company.
It was said in Kothe v. Phoenix Mutual Life Insurance Company, 269 Mass. 148, 151, that a.“policy of insurance is a non-negotiable chose in action, with the right to receive in the future a certain, sum of money upon the happening of certain contingencies.” See also Herman v. Connecticut Mutual Life Insurance Company, 218 Mass. 181, 185.
Like any other contract, and apart from any statutory restriction, the parties could modify or end it. Devlin v. Newfell, 275 Mass. 279, 282. Hanson & Parker v. Wittenberg, 205 Mass. 319, 326, and cases there cited.
*340 There appears to be no such statutory restriction in this Commonwealth. On the contrary, there are provisions requiring insurance companies to recognize cash surrender values in certain instances. G. L. (Ter. Ed.) c. 175, §§144 to 147 A and B, inclusive.
In Wilde v. Wilde, 209 Mass. 205, relied upon by the plaintiff, the policy insured the life of the husband for the benefit of the wife if living at his death, otherwise to their children. The court held that the rights of the children could not be defeated by an assignment made by the husband and wife in the lifetime of the husband. The court said at page 208: “If the wife predeceased her husband, the contract is, then, to pay to their children.” There, again, the court enforces the contract in favor of the beneficiary expressly named in the policy. That case intimates at pages 206 and 207 that although no provision for cash surrender value is set out in the policy, if the company is willing and the rights of all parties having an interest are released the policies could be so surrendered.
With respect to the plaintiff’s requests for rulings, no prejudicial error appears in the manner in which the court dealt with them. Many of them were requests for findings of fact which he was not obliged to make. Castano v. Leone, 278 Mass. 429, 431. Many of them were predicated upon the claim of the plaintiff that she was the designated beneficiary, others upon her claim that the insured could not surrender the policy for cash by agreement with the defendant. What we have heretofore said disposes of requests in those groups. He correctly instructed himself by giving numbers 3 and 6.
In our opinion, the record discloses no prejudicial error on the part of the trial court and the report is dismissed.