COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* PAUL B. MORGAN.

Suffolk. December 6, 1939. — June 25, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Tax,* On income. *Words,* "Stock dividends."

A stock dividend, paid to an inhabitant of the Commonwealth in 1936 by a Massachusetts corporation in its new prior preference stock was not taxable to the stockholder receiving it under § 9 of St. 1933, c. 307 as amended by § 1 of St. 1935, c. 489, although such prior preference stock was substantially different from all other outstanding stock of the corporation and the dividend was paid in adjustment of an unpaid cumulative dividend accrued on another class of stock.

APPEAL from a decision by the Appellate Tax Board.

The case was submitted on briefs.

*P. A. Dever,* Attorney General, *& J. B. Sullivan,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*R. S. Bowditch,* for the taxpayer.

FIELD, C.J. This is an appeal by the commissioner of corporations and taxation from a decision of the Appellate Tax Board granting abatement of an additional tax assessed in 1937 on income received by Paul B. Morgan — herein referred to as the taxpayer — during the year 1936. G. L. (Ter. Ed.) c. 58A. St. 1937, c. 400.

The decision was right.

During the calendar year 1936 the taxpayer, a resident of the Commonwealth, owned three hundred twenty-nine shares of seven per cent cumulative preferred stock in the Graton & Knight Company of Worcester, a Massachusetts

corporation — herein referred to as the corporation. As of November 15, 1936, there were accrued unpaid dividends on this stock. On December 16, 1936, the corporation declared a dividend payable on December 24, 1936, upon the outstanding shares of preferred stock of the corporation "in the amount of one share of prior preferred stock" of the corporation for each share of preferred stock in full payment of dividends accrued thereon to November 15, 1936. The taxpayer was assessed an income tax upon the dividend of such prior preferred stock received by him on his three hundred twenty-nine shares of preferred stock. Abatement of the income tax so assessed was denied by the commissioner and the taxpayer appealed to the Appellate Tax Board which granted abatement in the amount of $546.45.

"Tax laws are strictly construed. If the right to tax is not plainly conferred by the statute it is not to be extended by implication." *Martin L. Hall Co.* v. *Commonwealth*, 215 Mass. 326, 329. The right to tax the dividend in question was not conferred by statute unless by St. 1933, c. 307, § 9, as amended by St. 1935, c. 489, § 1 (see also St. 1936, c. 82; St. 1937, c. 395, § 1; St. 1938, c. 489, § 2; St. 1939, c. 373, §§ 1, 6), which subjected to the income tax income received by an inhabitant of the Commonwealth during the year 1936 from dividends on shares of certain corporations "other than stock dividends paid in new stock of the company issuing the same." If, therefore, the income here in question was income from a dividend such as is described in this exception it was not subject to the income tax assessed thereon. Since, however, the statute discloses a legislative intention to impose an income tax upon income from dividends generally with certain express exceptions, and the provision relating to stock dividends is in the form of an exception, it may be that the principle that exemptions are strictly construed (see *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 187, 194, and cases cited) is applicable to the present case, rather than the more general principle, above stated, that tax laws are to be construed strictly against an asserted right to tax. However, it is unneces-

sary to resort to either of these principles in determining the meaning of the exception, since, as we think, according to the natural construction of the statute, the income from the dividend here in question was within the exception.

No question is raised as to the source of the dividend paid in prior preferred stock of the corporation. The Appellate Tax Board states that it "was paid from previous earnings of the corporation." Compare G. L. (Ter. Ed.) c. 62, § 1 (g). And the commissioner properly makes no contention that the dividend was not "paid in new stock of the company issuing the same."

The commissioner contends, in substance, that since the dividend was paid in "prior preferred stock," giving the stockholder an interest in the corporation different from that represented by his former stock holdings, it was not comprehended within the term "stock dividends" as used in the statute. The record is bare of facts showing the difference, if any, between the so called "prior preferred stock" and the "preferred stock" of the corporation, the existence of any outstanding common stock, and any differences between the preferred stock of either class and any common stock that may have been outstanding. We assume, however, in favor of the commissioner, in considering his contention, that there is a substantial difference between the "prior preferred stock" and all other outstanding stock of the corporation.

Among the statutory rules prescribed by G. L. (Ter. Ed.) c. 4, § 6, for construing statutes, "unless their observance would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute," is the third rule: "Words and phrases shall be construed according to the common and approved usage of the language; but technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in law shall be construed and understood according to such meaning." And it was said in *Gray* v. *Hemenway*, 212 Mass. 239, that "by a stock dividend is generally understood a distribution made by a corporation of shares of its own stock" (page 242), and

that it "is the characteristic feature of a stock dividend that the property of the corporation itself remains unchanged, but that each one of the shares of the increased capital stock represents a smaller fractional interest than before in the total amount of the corporate property." Page 241. These statements disclose the meaning of the words "stock dividends" "according to the common and approved usage of the language" and these words have acquired no other "peculiar and appropriate meaning in law." The statements import that a dividend paid in shares of stock of a corporation other than the corporation paying the dividend is not a stock dividend, but do not import that a dividend to be a stock dividend must be paid in shares of the same class of stock of the corporation as the stock upon which the dividend is paid. See *Coolidge* v. *Grant*, 251 Mass. 352. This conclusion is supported by the decision of the Supreme Court of the United States in *Helvering* v. *Gowran*, 302 U. S. 238, where it was held that the provision in § 115 (f) of the revenue act of 1928 that a "stock dividend shall not be subject to tax" prohibited taxation of dividends paid in preferred stock to common stockholders whereby they acquired an interest in the corporation essentially different from that represented by the common stock. The court said: "The prohibition is comprehensive. It is so clearly expressed as to leave no room for construction. It extends to all stock dividends. . . . Congress declared that the preferred stock should not be taxed as a dividend." Pages 241–243.

The contention of the commissioner that the dividend in question was not a stock dividend within the meaning of the exception because the stockholder thereby acquired an interest in the corporation essentially different from that represented by the preferred stock owned by him — assuming this difference to exist — must fail unless such a limitation upon the meaning of the words "stock dividends" is required by the context or by the manifest intent of the lawmaking body. But the contention cannot be supported on these grounds. It is urged that unless such a limitation is implied from the use of the word "stock" before the word

"dividends," in the phrase "stock dividends paid in new stock of the company issuing the same," the word "stock" is superfluous and a general canon of statutory construction, that no word be treated as superfluous, is violated. See *Kennedy* v. *Commissioner of Corporations & Taxation*, 256 Mass. 426, 429. This, however, is not the natural explanation of the use, in the same phrase, of the word "stock," and the words "paid in new stock of the company issuing the same" as modifying the words "stock dividends." The words "stock dividends" without limitation might not unnaturally be construed as including dividends paid in treasury stock. See *Commonwealth* v. *Boston & Albany Railroad*, 142 Mass. 146, 153. And the use of the words "paid in new stock of the company issuing the same" would limit the generality of the previous words so as to exclude from the exception "stock dividends" paid in treasury stock. Moreover, though the words "stock dividends" would not ordinarily include dividends paid in stock of corporations other than the corporation paying the dividends, it might not unnaturally have been thought wise to negative expressly the inclusion of such dividends in the exception. There is, therefore, ample explanation for the form of the exception without implying the limitation urged by the commissioner.

The apparent purpose of the exception does not warrant an implication of the limitation thereon for which the commissioner contends. It is urged, in substance, that such a limitation is in accordance with the Federal income tax law and that it was the apparent purpose of the Legislature in enacting the exception in question to bring the State income tax law into conformity with the Federal income tax law with respect to stock dividends. Although there are elements of truth in these arguments, the history of legislation and decisions, State and Federal, shows that these arguments do not go far enough to support the conclusion that the exception is subject to the limitation for which the commissioner contends.

This court held in 1917 that a stock dividend was income within the meaning of the Forty-fourth Amendment to the

Constitution of the Commonwealth, and, being within the terms of St. 1916, c. 269, § 2 (b), constituted taxable income. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 534–536. In 1918, however, the United States Supreme Court held in *Towne* v. *Eisner*, 245 U. S. 418, that a stock dividend was not income within the meaning of the revenue act of 1913. But it was not necessary to pass upon the question whether a stock dividend was income within the meaning of the Sixteenth Amendment to the Constitution of the United States. Though apparently the dividend was in the same kind of stock as that on which it was paid, this point is not emphasized in the opinion. And in 1920 the Supreme Court of the United States, in *Eisner* v. *Macomber*, 252 U. S. 189, relying in part (see pages 201, 205) on the decision in *Towne* v. *Eisner*, held that the stock dividend involved in the case under consideration — a dividend in stock of the same class as that upon which it was declared — was not income within the meaning of the Sixteenth Amendment to the Constitution of the United States and, consequently, not subject to taxation as such. While it may have been implicit in that decision that the exclusion of stock dividends from income, within the meaning of the Sixteenth Amendment, was limited to stock dividends of the kind involved in that case, no decision of the Supreme Court of the United States explicitly limiting the application of that decision to such stock dividends was made until 1936 when, in *Koshland* v. *Helvering*, 298 U. S. 441, that court stated that the former decision "affected only the taxation of dividends declared in the same stock as that presently held by the taxpayer" (page 445), but that "where a stock dividend gives the stockholder an interest different from that which his former stock holdings represented he receives income" (page 446). In the meantime, however, the Congress passed several revenue acts, those of 1921, 1924, 1926, 1928, 1932 and 1934, in which it provided, in substance, that a stock dividend should not be subject to the income tax. And in 1937 the Supreme Court of the United States held in *Helvering* v. *Gowran*, 302 U. S. 238, 241–242, that the provision in the revenue act of 1928, in the words "a stock dividend shall not be subject to

tax," excepted from the income tax all stock dividends, and not merely those that were not income within the meaning of the Sixteenth Amendment. In the revenue act of 1936, § 115 (f) (1), however, the exception of stock dividends from taxation was expressly limited to those that did not constitute income to the shareholder within the meaning of the Sixteenth Amendment.

Notwithstanding the decision of the Supreme Court of the United States in *Eisner* v. *Macomber*, relating to the meaning of income in the Sixteenth Amendment to the Constitution of the United States, this court has adhered to its decision in *Tax Commissioner* v. *Putnam*, relating to the meaning of income in the Forty-fourth Amendment to the Constitution of this Commonwealth. See *Lanning* v. *Tax Commissioner*, 247 Mass. 496, 498–499. Nevertheless, about a month and a half after the decision of *Eisner* v. *Macomber*, the Legislature, by St. 1920, c. 352, § 1, amended St. 1916, c. 269, § 2 (b), by providing for the taxation of dividends "other than stock dividends paid in new stock of the company issuing the same." This exception remained in the statute until, by St. 1933, c. 307, § 9, applicable to income of certain years from dividends, it was eliminated, with the result that thereby the exemption of stock dividends from taxation was abolished, and the law in this respect was restored "as it was in St. 1916, c. 269, § 2 (b)." *Brink* v. *Commissioner of Corporations & Taxation*, 299 Mass. 280, 283. However, by an amendment to St. 1933, c. 307, § 9, by St. 1935, c. 489, § 1, the provisions of the former statute were extended to include income of the year 1936 from dividends, with an exception thereto in the precise terms of the exception in St. 1920, c. 352, § 1, above quoted. And later amendments to St. 1933, c. 307, § 9, extending the application thereof, have retained the exception in the same terms.

Obviously the purpose of the exception in St. 1920, c. 352, § 1, was not to meet a constitutional requirement. Very likely this exception was made in order to bring the State income tax law into general conformity with the Federal income tax law with respect to stock dividends, as declared in *Towne* v. *Eisner*, and *Eisner* v. *Macomber*. But the statute

did not in terms provide for such conformity. On the contrary, it laid down a comprehensive rule applicable to stock dividends. It was many years before the Supreme Court of the United States made it clear that the exemption of stock dividends from the Federal income tax required by the Sixteenth Amendment to the Constitution of the United States was limited. We think it wholly unwarranted to read into the comprehensive language used by the Legislature in St. 1920, c. 352, § 1, a limitation of the exception thereby made to a particular class of stock dividends on the basis of anything said or implied in *Towne* v. *Eisner* or in *Eisner* v. *Macomber* in anticipation of the decision made many years later in *Koshland* v. *Helvering*. Indeed the Supreme Court of the United States in *Helvering* v. *Gowran*, in a closely similar situation, refused to read any such limitation into a comprehensive exemption of stock dividends made by the Congress. What has been said with reference to the exception in St. 1920, c. 352, § 1, applies as fully to the exception in St. 1935, c. 489, § 1, and St. 1936, c. 82, where the same words are used. Both of these statutes were passed before the decision in *Koshland* v. *Helvering*. Moreover, at the times when these statutes were passed, the Federal income tax law by express provision exempted from the Federal income tax all stock dividends.

The commissioner makes the further contention that the prior preference stock here in question is not within the exception, for the reason that it was to be issued for adjustment of overdue cumulative dividends and the stockholders were not required to receive such stock in discharge of the corporation's obligation to pay these dividends. But even if the taxpayer was not required to receive such stock in adjustment of the overdue cumulative dividends he did in fact accept the stock issued. It was not the less a dividend because of the purpose for which it was issued and, being a dividend paid in stock of the company issuing it, it was a stock dividend. *Coolidge* v. *Grant*, 251 Mass. 352. It meets all the requirements of the statutory exception from taxation of income from dividends. It follows that the income in question was not subject to the income tax, and

that the taxpayer is entitled to an abatement of the tax assessed thereon.

Abatement must be granted in the sum of $546.45, with interest at the rate of six per cent per annum from the time when the tax was paid, and with costs against the commissioner. G. L. (Ter. Ed.) c. 58A, § 13. St. 1937, c. 400, §§ 1, 4.

*So ordered.*