E. SOHIER WELCH & others, trustees, vs. COMMISSIONER OF
CORPORATIONS AND TAXATION.

Middlesex.   October 7, 1940. — May 31, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Tax*, On legacies and successions. *Insurance*, Life: trustee as beneficiary.

Provisions of an agreement and declaration of trust, not made in con-
templation of death, under which there were delivered to the trustee
policies of insurance upon the life of the settlor naming the trustee as
beneficiary with the right in the settlor to change the beneficiary, and
there were reserved to the settlor the right to alter or revoke the trust,
to assign, pledge or sell the policies, to exercise any option or privilege
granted by the policies and, during his lifetime, to receive the surrender
value of any of them and all payments, dividends and benefits arising
from them, did not make taxable under G. L. (Ter. Ed.) c. 65 proceeds
of the policies collected by the trustee after the settlor's death and held
by him for the benefit of persons named in the trust.

PETITION, filed in the Probate Court for the county of
Middlesex on October 4, 1939.

The case was reserved and reported by *Leggat*, J.   The
second paragraph of the agreed statement of facts read as
follows: "During the period from May 4, 1908, to and in-
cluding October 31, 1933, said Prescott Bigelow obtained a
number of policies of insurance upon his life from several
insurance companies.   These policies were made payable in
the event of his death to E. Sohier Welch, Lester Watson
and George E. Brown, Trustees under said agreement and
declaration of trust.   Each of the policies contained the
usual provision reserving to said Prescott Bigelow the right
to change the beneficiaries named therein and he paid all
the premiums due under said policies prior to his death."

*G. M. Naylor, Jr.*, (*J. L. Ware* with him,) for the peti-
tioners.

*E. O. Proctor*, Assistant Attorney General, for the respond-
ent.

RONAN, J.   This is a petition in equity under G. L. (Ter.

Ed.) c. 65, § 27, filed in the Probate Court of Middlesex County by the petitioners, trustees under an agreement and declaration of trust, dated December 5, 1928, and amended December 21, 1934, seeking the abatement of a succession tax assessed by the respondent upon present interests in the trust property, which, he contended, took effect in possession and enjoyment upon the death of the settlor, Prescott Bigelow, on October 27, 1937. The case was submitted upon the petition, answer and statement of agreed facts to the judge of probate, who reported it, without decision, in accordance with G. L. (Ter. Ed.) c. 215, § 13, for the determination of this court.

Under the agreement and declaration of trust as amended, the trustees agreed to accept and hold such policies of insurance, issued upon the life of the settlor and payable to them as trustees, as he might deliver to them, and, upon his death, to collect the proceeds and pay the income therefrom to his wife during her life and then to his children and their issue and to his stepson and his issue; and upon the death of his widow, children and stepson to pay the principal discharged of any trust to the issue of his children and also to the issue of the stepson. Bigelow had the right under the agreement of trust to alter or revoke the trust, to assign, pledge or sell the policies, to exercise any option or privilege granted by them, and, during his lifetime, to receive the surrender value of any of the policies, and all payments, dividends and benefits arising from them. The trustees collected the proceeds of the policies. They paid a succession tax on September 26, 1939, in the amount assessed by the respondent, upon the value of the present interest which he determined passed upon the death of the settlor.

There is no contention that the policies were transferred to the trustees by the insured in contemplation of death, as that phrase has been construed in taxing statutes. *United States* v. *Wells*, 283 U. S. 102. *Heiner* v. *Donnan*, 285 U. S. 312. *Matter of Einstein*, 114 Misc. (N. Y.) 452. The trustees contend that their rights and those of the beneficiaries were finally established at the time the policies were deposited with them by the settlor, and that their right to

receive the proceeds and the right of the beneficiaries to share therein did not constitute property that came to them by deed, grant or gift made or intended to take effect in possession or enjoyment at or after the death of the settlor, and, consequently, was not taxable under G. L. (Ter. Ed.) c. 65. The commissioner contends that, as the settlor reserved the right to change the beneficiaries in the policies and to revoke the trust, he retained such command and control over the policies that their transfer to the trustees and to those who were to share in the proceeds did not become final and complete until the relinquishment of these rights by the settlor at his death, and that the relinquishment of such rights was the basis upon which the tax was properly imposed.

It is a general rule that, in the absence of statute, the proceeds of life insurance policies payable to the insured or to his estate become, upon their receipt after his death, a part of his estate and are properly included in the computation of an inheritance tax; but that the payment of the insurance money to a beneficiary designated in the policy is not subject to such a tax because the proceeds were acquired by the beneficiary by virtue of the contract of insurance and not from the estate of the insured. *Fagan* v. *Bugbee*, 105 N. J. L. 85. *Matter of Van Dermoor*, 42 Hun, 326. *Matter of Knoedler*, 140 N. Y. 377. *Matter of Reed*, 243 N. Y. 199. *Matter of Parsons*, 117 App. Div. (N. Y.) 321. *Myers's Estate*, 309 Penn. St. 581. *Estate of Bullen*, 143 Wis. 512.

It is settled in this Commonwealth that the proceeds of a life insurance policy do not pass to the beneficiary named therein by will or by our statute regulating intestate succession; that such a beneficiary does not receive anything by way of "deed" or "grant" within the meaning of our taxing statute; and that if the designation of the beneficiary could be considered as "a gift," then it was a present gift of a contractual right which, if it remained in force until the death of the insured, entitled the beneficiary to the proceeds of the policy even though the insured had reserved the right to change the beneficiary. "By designating a beneficiary both the 'grant' and the 'gift,' so far as either exist at all,

take effect in enjoyment and possession at once. Such a relation does not by fair intendment come within the descriptive words of the statute [St. 1912, c. 678, § 1, as amended by St. 1913, c. 498] as 'property . . . which shall pass . . . by . . . gift . . . made or intended to take effect in possession or enjoyment after the death of the grantor.' " *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306, 309. There is nothing in our own decisions that narrows or limits the force and effect of the case last cited. Since the decision of that case in 1917, the taxing authorities of the Commonwealth have not imposed any succession tax upon the proceeds of life insurance policies received by beneficiaries named in the contracts of insurance until recently, when, it would seem, on account of the case of *Fagan* v. *Bugbee*, 105 N. J. L. 85, the commissioner has attempted to impose a tax upon receipt of the proceeds by such beneficiaries.

The fact that the beneficiaries are designated in the policies as trustees for the benefit of those named in the agreement and declaration of trust does not, in our opinion, bring the transaction within the statute. The indenture of trust and the designation of the trustees as beneficiaries and the delivery of the policies to them were all parts of a single plan. The rights of the trustees and those entitled to share in the proceeds from the policies attached at the same time and became effective when the policies were deposited with the trustees, and these rights continued so long as the relation of the trustees to the policies stood unchanged and the indenture of trust remained unaltered and unrevoked. The trustees acquired the legal interests in the contracts of insurance by virtue of being designated beneficiaries in the policies, and the equitable interests in these contracts were acquired by those entitled to share in the proceeds by virtue of the indenture of trust. Under succession statutes substantially similar to our own, it has been held that the designation of the beneficiary in trust for others does not constitute a taxable transfer of the proceeds of the policies upon the death of the insured. *Matter of Voorhees*, 200 App. Div. (N. Y.) 259. *Matter of Elting*, 78 Misc. (N. Y.) 692. *Matter of Haedrich*, 134 Misc. (N. Y.) 741. *In re*

*Killien's Estate,* 178 Wash. 335. The statutes in each of these States have since been amended, those in New York by taxing the amount receivable by beneficiaries from life insurance in a manner similar to the Federal estate tax, Laws of 1930, c. 710, and those in Washington by exempting all insurance except where payable to the estate of the insured, Laws of 1929, c. 135. But see now Laws of 1935, c. 180, § 115; *In re McGrath's Estate,* 191 Wash. 496. Where the indenture of trust did not name the beneficiaries, it has been held that they took by the terms of the will of the insured and did not come within a statute exempting the payment of the proceeds to trustees designated in the policies. *Myers's Estate,* 309 Penn. St. 581.

The commissioner relies upon *Fagan* v. *Bugbee,* 105 N. J. L. 85, which held that a tax was properly imposed upon the receipt of the proceeds of policies in which the beneficiaries were designated as trustees and were required to distribute the proceeds in accordance with an indenture of trust, on the ground that those who took the equitable interests in the proceeds acquired these interests by virtue of the written trust and not by the contract of insurance. The courts of New York and Washington have expressly declined to follow this decision. *Matter of Haedrich,* 134 Misc. (N. Y.) 741. *In re Killien's Estate,* 178 Wash. 335. Compare *Thomson* v. *McGonagle,* 33 Haw. 594. The New Jersey Legislature at the session next held after the decision in *Fagan* v. *Bugbee* amended the statute by exempting from the tax payment of policies to beneficiaries who had been named therein as trustees.

The commissioner urges that the gift of the proceeds of the policies was not complete as long as the insured retained the right to change the beneficiaries and to revoke the trust. He relies principally upon *Chase National Bank* v. *United States,* 278 U. S. 327. That case arose under § 402 (f) of the revenue act of November 23, 1921, c. 136, 42 U. S. Sts. at Large, 227, which provided for the inclusion in the gross estate of a decedent of the amounts receivable by the executor or administrator from the proceeds of policies issued upon the life of the decedent, and the amounts

in excess of $40,000 receivable by other beneficiaries under policies taken out by the decedent upon his own life. It was held that, as the insured reserved the right to change the beneficiaries, the termination of such control at his death and the consequent passing to the beneficiaries of all rights under the policies freed from the exercise of such control by the insured were legitimate subjects of a transfer tax. That decision has been uniformly followed in the Federal courts. We mention a few of the recent decisions. *Reinecke v. Northern Trust Co.* 278 U. S. 339. *Corliss v. Bowers,* 281 U. S. 376. *Gwinn v. Commissioner of Internal Revenue,* 287 U. S. 224. *Guaranty Trust Co.* v. *Blodgett,* 287 U. S. 509. *Burnet* v. *Guggenheim,* 288 U. S. 280. *Burnet* v. *Wells,* 289 U. S. 670. *Curry v. McCanless,* 307 U. S. 357. *Graves v. Elliott,* 307 U. S. 383. *Estate of Sanford v. Commissioner of Internal Revenue,* 308 U. S. 39. *Whitney* v. *State Tax Commission of New York,* 309 U. S. 530.

The decision in the *Chase* case rested primarily upon the validity and application of an act of Congress that made provision for the taxing of amounts received from life insurance policies issued upon the life of the decedent. Our statute does not contain a similar provision. In fact, our taxing statutes have never contained any special provisions laying an excise based on the amounts receivable from life insurance by the beneficiary designated in the policy. There is no power to tax in the absence of a statute expressly granting such authority. *United States Trust Co.* v. *Commissioner of Corporations & Taxation,* 299 Mass. 296. *Commissioner of Corporations & Taxation v. Dalton,* 304 Mass. 147. *Commissioner of Corporations & Taxation* v. *Morgan,* 306 Mass. 305.

It is true that the concept of transfers within both the Federal and the State taxing statutes has been greatly broadened since the decision in the *Tyler* case, and the courts in determining the existence of a taxable event upon which a transfer or succession tax has been based have not permitted themselves to be restricted by technical refinements of title arising from the form in which the transaction has been cast, but have been more concerned with the practical

advantages that accrued to the taxpayer from the devolution of the decedent's property. The shifting of the economic benefits of property, which was occasioned by the death of the owner and has resulted in the acquisition of the possession or enjoyment of the property by another, has been held sufficient ground for the imposition of the tax. *Saltonstall* v. *Treasurer & Receiver General,* 256 Mass. 519, affirmed *sub nomine Saltonstall* v. *Saltonstall,* 276 U. S. 260. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation,* 267 Mass. 240. *Nickerson* v. *Harding,* 267 Mass. 203. *Worcester County National Bank* v. *Commissioner of Corporations & Taxation,* 275 Mass. 216. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation,* 294 Mass. 551. *Porter* v. *Commissioner of Internal Revenue,* 288 U. S. 436. *United States Trust Co.* v. *Helvering,* 307 U. S. 57. But such cases are distinguishable from those where the possession or enjoyment of the property had vested in the beneficiaries before the death of the decedent, and where the transfer had been fully completed before his death. *Dexter* v. *Treasurer & Receiver General,* 243 Mass. 523. *Lewellyn* v. *Frick,* 268 U. S. 238. *Shukert* v. *Allen,* 273 U. S. 545. *Reinecke* v. *Northern Trust Co.* 278 U. S. 339. *Coolidge* v. *Long,* 282 U. S. 582. *Heiner* v. *Donnan,* 285 U. S. 312. *Bingham* v. *United States,* 296 U. S. 211. *Industrial Trust Co.* v. *United States,* 296 U. S. 220.

The instant case is settled in principle by the *Tyler* case. The Legislature subsequently to that decision has codified and amended the statute, but no change relative to the taxation of the proceeds of a life insurance policy payable to a beneficiary designated in the policy has been made. As late as 1939, the Legislature has refused to enact a bill (House, No. 426) taxing the proceeds of life insurance policies. The legislative history of the statute shows that the Legislature did not intend by the statute construed in the *Tyler* case to impose a succession tax upon the receipt of such proceeds; that it has approved for nearly a quarter of a century the construction placed upon the statute in that case; that it has declined to change the statute so as to include such proceeds in the computation of the tax, and

has adopted the judicial construction given to the statute in the *Tyler* decision. *Powers* v. *Worcester,* 210 Mass. 471. *Looney* v. *Saltonstall,* 212 Mass. 69. *Nichols* v. *Vaughan,* 217 Mass. 548. *Leonard* v. *School Committee of Springfield,* 241 Mass. 325. *Potter* v. *Gilmore,* 282 Mass. 49. *Brink* v. *Commissioner of Corporations & Taxation,* 299 Mass. 280.

A decree is to be entered ordering the abatement of the entire tax with interest at the rate of six per cent a year from the date of its payment, together with costs.

*Ordered accordingly.*