ARTHUR DEVINCENT & others, trustees, vs. COMMISSIONER OF CORPORATIONS AND TAXATION & others.

Middlesex.    March 2, 1965. — April 5, 1965.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

Taxation, Succession tax. Insurance, Life insurance: succession tax.

Where the insured in life insurance policies, shortly before his death, established a revocable trust and designated the trustees as beneficiaries of the policies in place of the former beneficiaries, the proceeds of the policies paid to the trustees at his death were not taxable under G. L. c. 65. There was no merit in a contention that by reason of the change of beneficiaries in the circumstances the proceeds passed to the trustees by gift "made in contemplation of the [insured's] death."

PETITION IN EQUITY filed in the Probate Court for the county of Middlesex on March 26, 1964.

The case was reported by McMenimen, J.

John Barr Dolan for the petitioners.

Herbert E. Tucker, Jr., Assistant Attorney General, for the Commissioner of Corporations and Taxation.

CUTTER, J. John J. DeVincent (the insured) died at a hospital on April 23, 1958. While in the hospital, he executed on February 22, 1958, a revocable trust under which his wife was to receive the trust income for her life and to have a general power to dispose of part of the principal by her will.[1] Subject to the wife's interests, the trust property was to be held primarily for the benefit of his children and more remote issue.[2]

The insured placed $100 subject to this trust and shortly thereafter executed the necessary insurance company forms

---

[1] The trust appears to have been designed in large measure to adapt the insured's disposition of the proceeds of his life insurance policies to the "marital deduction" for Federal estate tax. See Int. Rev. Code of 1954, § 2056.

[2] The trust was subject to an overall termination provision plainly intended to prevent violation of the rule against perpetuities. See Second Bank–State St. Trust Co. v. Second Bank–State St. Trust Co. 335 Mass. 407, 410.

to change the beneficiaries of certain life insurance policies
on his life, so that the trustees of the revocable trust be-
came the beneficiaries. Prior to these changes of bene-
ficiary, the policies had all been payable, in the event of the
insured's death, to his wife, and, if she predeceased him, in
equal shares to his children.

After the insured's death, the trustees collected $156,099.66
of insurance proceeds. The executors of the insured's will
(also executed on February 22, 1958; see *New England
Trust Co.* v. *Commissioner of Corps. & Taxn.* 315 Mass. 639,
647) reported the foregoing facts to the Massachusetts in-
heritance tax authorities, but claimed that the insurance
proceeds were not subject to Massachusetts death taxes
(see G. L. cc. 65, 65A). The commissioner on January 29,
1964, apparently treating the changes of beneficiary as
made "in contemplation of the . . . [insured's] death"
within G. L. c. 65, § 1, made a determination of the value of
the trust property and, on March 3, 1964, certified to the
trustees a tax of $3,047.87 on the present interest in the
trust property.

The trustees then filed this petition in equity (see G. L.
[Ter. Ed.] c. 65, § 30) to determine whether a tax under
c. 65 was due with respect to the life insurance proceeds.
The probate judge reserved and reported the case to this
court without decision upon the pleadings and a statement
of agreed facts.

In *Tyler* v. *Treasurer & Recr. Gen.* 226 Mass. 306, 310,
this court in 1917 considered the taxation of life insurance
policy proceeds with particular reference (see p. 307) to the
provision now found in G. L. c. 65, § 1 (as amended through
St. 1955, c. 596; see later amendment by St. 1961, c. 403)
imposing an inheritance tax upon property passing by gift
"made or intended to take effect . . . after . . . [a dece-
dent's] death." This court applied (p. 309) the principle
that tax laws are to be strictly construed and gave weight
(p. 310) to "the practical construction put upon the law by
those charged with . . . [its] enforcement . . . through
many years." In an opinion by Chief Justice Rugg, it was

concluded "that sums received by beneficiaries in accordance with designations made in contracts of insurance are not subject to the succession tax."

In *Welch* v. *Commissioner of Corps. & Taxn.* 309 Mass. 293 (although it was pointed out, see pp. 294–295, that no contention was then made that policies had been "transferred . . . by the insured in contemplation of death"), it was held (pp. 296–300) that the proceeds of life insurance policies payable to trustees under a trust indenture for the benefit of others were not subject to tax under G. L. c. 65 upon the death of the insured. The case placed (p. 298) some emphasis upon the circumstance that "our taxing statutes have never contained any special provisions laying an excise based on the amounts receivable from life insurance by the beneficiary designated in the policy." The court (by Ronan, J.) went on to say, "There is no power to tax in the absence of a statute expressly granting such authority."[3]

In *Gregg* v. *Commissioner of Corps. & Taxn.* 315 Mass. 704, 711, this court (again speaking by Ronan, J.) "confined" the *Tyler* case "to its facts" and declined to extend its doctrine to a death benefit under an annuity contract. We do not regard that case as limiting the effect of the *Tyler* and *Welch* cases as applied to insurance policies.

In the nearly half a century since the *Tyler* case, there has obviously been reliance on that decision. Despite the limiting language of the *Gregg* case, the reasoning in the *Tyler* case and the *Welch* case was broad, and substantially proceeds on the principle that the payment of insurance proceeds at the death of the insured has not been subjected

---

[3] It may be significant that the application of the Federal estate tax to the proceeds of life insurance policies is almost entirely a development which has taken place since the decision of the *Tyler* case in 1917. See Paul, Federal Estate and Gift Taxation, § 10.02 et seq. See also H. R. Rep. No. 767, 65th Cong. 2d Sess. p. 32 (C. V. 1939–1, part. 2, pp. 101–102); *Lewellyn* v. *Frick*, 268 U. S. 238, 250–252; *Chase Natl. Bank* v. *United States*, 278 U. S. 327, 333–339; *Bingham* v. *United States*, 296 U. S. 211, 216. Compare Revenue Act of 1916, § 202, 39 Stat. 777–778, with Revenue Act of 1918, § 402 (f), 40 Stat. 1097–1098. For the present explicit form of the Federal estate tax on insurance proceeds, see Int. Rev. Code of 1954, § 2042.

to succession tax by the Legislature. Although the facts
of these cases directly raised only the question whether in-
surance proceeds could be taxed (under the general lan-
guage of what is now c. 65, § 1) as gifts to take effect in
possession at or after the insured's death, most of what was
said (especially in the *Tyler* case) seems appropriate to
exclude a tax upon such insurance proceeds as a "gift . . .
made in contemplation of the death of the . . . donor."
As was pointed out in the *Welch* case (309 Mass. 293, at
pp. 299–300), the Legislature has refrained from adopting
legislation to change the effect of the *Tyler* case.[4]

It was said in the *Welch* case, at pp. 298–299, "that the
concept of transfers within both the Federal and the State
taxing statutes has been greatly broadened since the deci-
sion in the *Tyler* case" in 1917. We need not decide
whether, as a matter of first impression, the *Tyler* case
would have been decided differently today. That there
has been a change of tax concepts does not seem to us to
be sufficient reason for changing by judicial decision the
long standing interpretation of what is now G. L. c. 65, § 1.
After this lapse of time, we think that, if any change is to
be made in the application of G. L. c. 65 to the proceeds of
life insurance policies, that change should be made by the
Legislature rather than by a new interpretation of the stat-
ute by a court.

A decree is to be entered in the Probate Court (1) de-
claring that the proceeds of the insurance policies on the
insured's life are not subject to tax under G. L. c. 65, and
(2) ordering that the tax certified with respect to such pro-
ceeds be abated.

*So ordered.*

---

[4] See Newhall, Settlement of Estates (4th ed.) § 142, pp. 397–398, § 475.
See also Nichols, Taxation in Massachusetts (3d ed.) 684. Compare two re-
cent text books, Barrett and Bailey, Taxation, § 1037, and Lombard, Probate
Law and Practice, §§ 1319, 2167, which discuss (perhaps because of depart-
mental action like that leading to the present litigation) the possibility of
efforts to impose a tax under c. 65 upon insurance proceeds, in circumstances
similar to those here present, as a gift in contemplation of death.